Phœnix, Administrator, *against* Hill.

Quin
v.
Riley.

THIS was an action brought on a decree of a court in *Scotland.* The writ was returned at the *November* term in 1806, and the defendant was discharged on common bail, the plaintiff not being able to show a sufficient cause of action. A rule was afterwards entered for the plaintiff to declare, and he now applied for leave to discontinue without payment of costs.

*Per Curiam.* There is no evidence that the administrator, knowingly, brought a wrong action, and we are not to presume it. We are, therefore, of opinion that he ought to be allowed to discontinue without the payment of costs.

Rule granted.

*Where an executor or administrator brings a wrong action, by mistake, the court will allow him to discontinue without costs.*

Quin *against* Riley.

COLDEN, for the defendant, moved to set aside the inquest taken in this cause, on the usual affidavit of merits. He also read an affidavit, explaining the reason why a notice of the application for the first day of the term, had not been given.

*T. A. Emmet,* contra, offered a counter-affidavit as to the reasons assigned for not making the application earlier.

*Colden* objected, that by the practice of the court, no counter affidavits could be received :

But *The Court* said, that the rule about counter-affidavits applied only to the question of a defence on the merits, and not as to the sufficiency of the excuse for not giving notice of the application for the first day of the term.

*Emmet* then read the counter-affidavit.

*Per Curiam.* We think the excuse was sufficient. The defendant must take his rule.

Rule granted.

*Counter-affidavits may be read as to the sufficiency of an excuse, for not giving notice of a motion for the first day of term.*