UTICA,<br>Aug. 1825.<br><br>Morse<br>v.<br>M'Coy

*Edward Allen*, contra, cited Tidd's Pr. 893–4; id. 897; 1 Salk. 207; 11 John. Rep. 403.

---

## Morse, Administrator, *against* M'Coy.

J. L. VIELE moved for judgment as in case of nonsuit, for not proceeding to trial at the last Saratoga Circuit, pursuant to notice.

G. W. *Kirtland*, contra, read an affidavit showing, as an excuse, that the plaintiff had endeavored to subpœna

An executor is not liable to pay costs for not going to trial, if he show due diligence to be prepared for trial, but fail without his

fault; as where he has sought to subpœna a material witness, but failed by reason of his keeping out of the way.

Other cases in which an executor shall pay, or be excused from costs

and procure the attendance of a material witness on his part; but that the witness industriously kept out of the way of the subpœna; had not attended the Circuit; and that, in consequence of this, the plaintiff could not be ready to try.

*Curia.* An executor or administrator, plaintiff, is liable for costs on *non pros,* (*Rudd* v. *Long,* 4 John. 190; *Hawes, executrix,* v. *Saunders,* 4 Burr. 1584;) so on judgment as in case of nonsuit. (*Brown, executor,* v. *Lambert,* 16 John. 148.) These were cases of judgment unaccompanied with any excuse. The first is put on the ground of neglect, expressly, which indeed a mere *non pros* implies. In the last a judgment was perfected, when, it seems, the plaintiff came with an excuse, which it was held to late to receive. It is also well settled, as a general rule, that an executor or administrator must pay costs for not going to trial pursuant to notice. (*Hawes, executrix,* v. *Saunders,* 3 Burr. 1584.) In all these cases, he is, *prima facie,* liable for costs. Neglect will be presumed, until he show the contrary. But the total absence of neglect certainly forms an exception to this rule? Where the executor or administrator shows this to the Court, they will allow him to discontinue without costs; *Phœnix, admr.* v. *Hill,* 3 John. 249;) which, for most purposes, is the same as a *non pros,* or judgment as in case of nonsuit. And the Court will not presume, on a motion to discontinue, that he knowingly brought a wrong action. (Id.) It was also held in *Ogle* v. *Moffat,* (Barnes, 133,) that he shall be exempt from paying costs for not going to trial according to notice, where his inability to proceed arises without his own wilful default. He is not liable for costs on a nonsuit at the trial. (*Eaves* v. *Mocato,* 1 Salk. 314. id. 207, S. C. cited. *Jenkins et ux.* v. *Plume,* id. 208, per Holt, Ch. J. *Ketchum, admr.* v. *Ketchum,* 4 Cowen, 87.) The proposition laid down in *Ogle* v. *Moffat,* was afterwards adopted by Yates, Justice, and Ld. Mansfield, in *Bennet, administrator,* v. *Coker,* (4 Burr. 1929,) and carried into the English books of practice, (Tidd, 893, 2 Archb. 131, Toller 440,) and our own, (2 Dunl. 723.)

The authorities all go on the question of laches. If the executor or administrator proceed in good faith, he may get rid of his action without costs, by moving to discontinue, which is the form in which his fairness is to be tested ; or he may go on to trial, where, though he be nonsuit, or a verdict pass against him, he is not subject to costs. The motion for judgment as in case of nonsuit, is the only opportunity afforded him for showing to the Court, that the omission to try was not his fault. The plaintiff has fully excused himself in this case, and is neither bound to stipulate, (*Marseles* v. *Clopper*, 2 John. 480,) nor pay costs. But, *prima facie*, he was bound to do both. The defendant was, therefore, right in coming here, and the motion must be denied without costs on either side.

Rule accordingly.