## WHITNEY vs. SHUFELT.

Where the attorneys live in different places and issue is joined too late for the service of notice of trial by mail, though in season for personal service, the defendant will not be entitled to judgment as in case of nonsuit for not noticing and bringing the cause to trial.

But a party moving to set aside proceedings for irregularity, or to be relieved from a regular default, must if practicable, and if necessary to enable him to move at the next term, make personal service of the papers. *Per* BRONSON, C. J.

*J. H. Collier*, for the defendant, moved for judgment as in case of nonsuit, for not noticing the cause and proceeding to trial at the Columbia circuit, held on the 16th of March last. Issue was joined on the 23d of February last.

*N. Hill, Jr.* for the plaintiff, read an affidavit showing that the plaintiff's attorney resided in the city of Albany, and that the defendant's attorney resided at Valatie, in the county of Columbia. He said there was not time after the issue was joined to give notice by mail, and the plaintiff was not in default for omitting to send a special messenger, or otherwise making personal service of a notice of trial for the March circuit.

BRONSON, Ch. J., was of that opinion; though he thought there might be cases where the party would be bound, if practicable, to make personal service; as where he seeks to take advantage of some irregularity, not affecting the merits, or where he wishes to be relieved from a regular default.

Motion denied.

# DECISIONS OF CASES

ARGUED AT THE

# SPECIAL TERM,