St. John, Receiver, agt. Denison.

---

## SUPREME COURT.

### St. John, Receiver, agt. Denison.

Where a plaintiff, as *receiver*, prosecutes an action in good faith, he is not liable for *costs* for not proceeding to trial where a good reason is shown for not trying in pursuance of a notice or stipulation.

A receiver, in such case, stands on the same footing as an executor or administrator prosecuting in behalf of an estate.

*Oswego Special Term, June*, 1854. This is an application by defendant for costs against the plaintiff for not proceeding to trial pursuant to a notice to that effect.

The plaintiff was appointed a receiver of the property and effects of Robert Gifford, a judgment debtor, by an order of the county judge of Oswego county. By a further order of the judge he was authorized and directed, as such receiver, to prosecute this suit. He commenced it accordingly, and, as appears by the affidavits in opposition to the motion now made for costs against him, noticed it in good faith for trial, but was prevented from proceeding to trial by the absence of a material and necessary witness.

A. P. GRANT, *for Motion.*

N. L. TOWNSEND, *Opposed.*

BACON, Justice. A receiver under such circumstances is the officer of the court and comes within the same protection, and is in my judgment entitled to the same indulgence, as an executor or administrator prosecuting on behalf of an estate. Such parties prosecuting in good faith are exempt from costs for not proceeding to trial where a good reason is shown for not trying pursuant to notice or stipulation. (Purdy agt. Purdy, 5 *Cow.* 14.) And in Reeder agt. Seely (4 *Cow.* 548) it is decided that one who sues, *en autre droit,* in good faith, though without proper ground, may discontinue without costs. That was the case of an assignee of an insolvent debtor. See also Phenix agt. Hill, (3 *Johns.* 249.) The doctrine of these cases is decisive against the application of the defendant in this suit, for costs against the plaintiff for not proceeding to trial; but as the point has not been expressly adjudicated in the case of a receiver, and as there was a *prima facie* ground for the application, the motion is denied without costs.