Lowerre *a.* Vail.

---

# LOWERRE *a.* VAIL.

*Supreme Court, Brooklyn Special Term ; September,* 1857.

### LEAVE TO DISCONTINUE.—PAYMENT OF COSTS.

An action brought in behalf of a bank, in the name of its president, is not an action prosecuted in another's right so as to excuse the plaintiff from paying costs.

Under what circumstances the court should grant plaintiff leave to discontinue
his action without payment of costs.

Motion for leave to discontinue without payment of costs.

Three actions were brought by the plaintiff, each against the
defendant, as endorser of a promissory note. The defence in
each action was, that the endorsement was a forgery. On the
trial of the action first brought to trial the plaintiff recovered a
verdict. On the trial of the second, the defendant offered him-
self as a witness, under section 399 of the Code, as amended
1857, to disprove the genuineness of the endorsement, and pre-
vailed upon that question, and a verdict was rendered in his
favor.

The plaintiff now moved, in the third action, for leave to dis-
continue without payment of costs.

Other circumstances are mentioned in the opinion; also in
our report of proceedings in the second action between these
parties (*Ante*, 227).

*J. M. Martin*, for the motion, contended, among other points,
that plaintiff sued *en autre droit*, without notice of a defence,
and so was excusable from costs—citing Reeder *v*. Seely (4
*Cow.*, 548); Purdy *v*. Purdy (5 *Ib.*, 14); Van Beuren *v*. Frost
(4 *Wend.*, 209); Fowler *v*. Starr (3 *Den.*, 164); Shaw *v*. Lyford
(14 *N. H.*, 121).

*M. L. Cobb* and *F. Larkin*, opposed.

BIRDSEYE, J.—The plaintiff in this case does not sue *en autre
droit*;—the action is by the Bank, and solely for its benefit,
though in the name of its president. It cannot be likened to a
suit by an executor, or administrator, or the assignee appointed
in the course of insolvent proceedings (Reeder *v*. Seely, 4 *Cow.*,
548; Phenix *v*. Hill, 3 *Johns.*, 249 ; Purdy *v*. Purdy, 5 *Cow.*, 14).
The protection which these cases had extended to executors and
administrators was confirmed by statute (2 *Rev. Stats.*, 615, § 17);
but it was limited to cases where they " necessarily prosecuted"
in the right of their testator or intestate. Where the cause of
action arises after the death of the testator or intestate, so that
the executors may declare in their own right, they are not to be

excused from paying costs (Mann *v.* Baker, 5 *Cow.*, 267; The People *v.* Judges of Albany Mayor's Court, 9 *Wend.*, 486). The present action might have been brought, equally well, in the name of the Bank itself.

Nor can it be properly contended that the defendant induced the bringing of the action, by any negligence in notifying the Bank that his alleged endorsement of the note in suit was not genuine. Only about ten days elapsed between the maturity of the note and the commencement of this suit.

The defendant when called on in behalf of Sanger, the subsequent endorser on this note, denied the genuineness of his signature, visited Brooklyn and made inquiries as to the alleged forger of the endorsement, and gave notice to Sanger of the forgery. It would seem probable that this notice reached the Bank before this suit was brought. At least, the defendant had a right to suppose it would do so. But whether it did or not, is quite immaterial upon this motion.

The Bank was advised of the defence more than two years since, by the answer, by affidavits, and otherwise. Instead of applying for leave to discontinue without costs, as soon as the defence was interposed, as was done in Fowler *v.* Starr (3 *Den.*, 165), and most, if not all the other reported cases, the plaintiff has chosen to keep up the litigation till this time. The case has been regularly noticed, and the defendant has been compelled to be constantly ready for the trial of a question of forgery. But, besides, the plaintiff, about the same time, brought another and precisely similar suit against this defendant, on a like endorsement. Instead of uniting the two claims in one suit, at the commencement, or consolidating them afterwards, or allowing one case to await the trial of the other, both suits have been pressed forward, and the necessity of a double defence has been imposed on the defendant. By either of the courses suggested, the plaintiff might have avoided incurring the costs from which he now seeks to be relieved. Having neglected to protect himself from them by means so simple, he applies with very ill grace to the court for relief from the direct consequences of his own acts. As he has conducted the two suits in such manner as to have recovered the costs of both from the defendant, if successful, I do not consider it a proper exercise of judicial discretion to take the burden from the party whose acts have unneces-

sarily created it, and impose it on the one whose position as a defendant left him no choice but to resist the unfounded claims brought against him.

Motion denied, with $10 costs.