By the Court.—Curtis, J.
The finding of the jury upon the third issue submitted to them was probably inconsistent with their findings as to the first and second issues also submitted to them. In the absence of the charge of the judge, and of all the evidence, as there is no case made by which either of these are brought before the court, on this application, it is not easy to perceive what transpired at the trial. This inconsistency was apparently an error, or oversight, to which the court, upon receiving from the foreman the findings of the jury, immediately called their attention, and directed them- to retire for further consideration. This was the proper course to be pursued by the court.
A verdict is of no force until given openly in court, and received and recorded, and until received and recorded the jury have a right to retire, and to further consider their verdict and to alter it. The practice has long prevailed that the court may of its own accord send the jury back to reconsider their verdict, when it appears to be a mistaken one, before it is received and recorded (Root v. Sherwood, 6 Johns. 68). If the verdict is in writing, it makes no difference, and the jury have the same right, before it is received and recorded, to retire and to re-consider it, and to vary from their first finding (Blackley v. Sheldon, 7 Johns. 34).
As far as can be gathered from what is before us as to what transpired at the trial, and the delivery of the verdict, there was eminent propriety in the court sending back the jury to further consider the questions submitted. If there was an oversight or an incongruity in their finding, they had an opportunity of correcting it; and if there was not, they had an oppor *386 tunity for farther deliberation and intelligent consideration, and of answering the questions, as they might find they should be answered from the evidence.
If there was any error on the part of the judge in giving instructions or directions to the jury, it is very difficult for us to pass upon it without having either the testimony or the charge before us. The affidavits of jurymen, taken ex parte, and long after the trial, are liable to be affected by failure of recollection or by sympathy for the losing party. At any rate, the Eules, hereafter referred to, and settled practice of the court, have long established another course of procedure that may be pursued to set aside a verdict, and to obtain a new trir 1 of special issues.
The issues in an equity cause are framed and sent to a jury simply to inform the conscience of the court. At the ultimate hearing and disposition of the cause, the court exercises its discretion as to how far it is to be controlled by the findings of the jury, and is not precluded even then from rejecting the verdict, or ordering a new trial, or from finding the question of fact itself (Patterson v. Ackerson, 1 Edwards Chy. R. 103; Brown n. Clifford, 7 Lansing, 53 ; Vermilye v. Palmer, 52 N. Y. 475).
In order to justify and speedily review the trial of the issues sent to a jury for determination, the Bules of the court require either party feeling aggrieved by the determination of such special issues, and desirous of a new trial on the ground of any error of the judge, or on the ground that the verdict is against evidence (except where the judge directs such motion to be made upon his minutes), to make such motion on a case and exceptions, or a case containing exceptions, to be served and settled, as provided in other cases (Rule 33, 1858 ; Rule 40, 1874).
If this application brought before us the proofs at the trial, and the judge’s charge, instead of the conflicting *387 ■allegations of ex parte affidavits, it would greatly facilitate the inquiry as to the grounds of the alleged errors of the court. But giving the application such consideration as what is presented by the papers warrants, there fails to be disclosed ground for reversing the order appealed from, and for setting aside the verdict.
The order appealed from should be affirmed, with •costs.
Sedgwick, J., concurred.