BLACKLEY *against* SHELDON.

The law as to
trials by jury in
other courts, ap-        IN error, on *certiorari*, from a justice's court.
plies to justices'
courts.                  *Sheldon* brought an action of *trover* against *Blackley*,

After a ver-  before a justice. The plaintiff declared for 50 bushels of
dict is pronoun-  wheat, in shock, taken and carried away by the defendant,
ced in court by  and which *Sheldon* had levied on, as a constable, under
a jury, they may
alter it before it  an execution, &c. The defendant pleaded not guilty, and
is received and
recorded.  there was a trial by jury. The jury having agreed on
After a verdict
is received, the  their verdict, returned into court and delivered the same
jurors may be
examined by the  in writing to the justice, by which they found for the de-
poll, and either  fendant. The justice, without publishing their verdict, or
of the jurors
may disagree to  making it known, informed the jury that, in his opinion,
the verdict.
After a jury  they had mistaken the evidence, and requested them to
have retired to
consider of their  reconsider their verdict. The jury retired, and soon af-
verdict, they
may come back  ter requested to have a witness re-examined; and the
into court and
hear evidence as  witness was re-examined in the presence of both parties,
to any matter of
which they have  and without objection by either. The jury then brought
doubts.
The court may  in a verdict in writing, in favour of the plaintiff, for 24
also send a jury  dollars and 42 cents, on which judgment was given by
back to reconsi-
der their ver-  the justice.
dict, before it
is recorded, if  On the trial, the plaintiff offered in evidence the exe-
there is a mis-
take.  cution by which the levy was made, and his return en-
dorsed. This was objected to, but admitted. The levy
of the execution was proved, and the taking of the wheat
by the defendant. The execution was against a third
person, and the wheat was lying in his field. A de-
mand and refusal were also proved.

*Sherwood*, for the plaintiff in error, contended, 1. That the plaintiff should have produced the judgment and execution. He cited *Bull. N. P.* 91. 234. 3 *Esp. Cas.* 419. 5 *Burr.* 2631.

2. The justice was bound to give judgment on the verdict of the jury as first delivered, and could not send the jury out to reconsider it. 2 *Johns. Rep.* 182. 3 *Johns. Rep.* 430. 4 *Johns. Rep.* 414.

*Hawkins*, contra, cited 3 *Lev.* 20. *Salk.* 408. *Esp. Dig.* 414. 6 *Johns. Rep.* 68.

*Per Curiam.* Two objections are stated in this case to the judgment below: 1. The constable who sued for taking the goods upon which he had levied by virtue of an execution, produced the execution only, and not the judgment; 2. The justice sent back the jury to reconsider their verdict.

The first objection was overruled by the decision in the case of *Barber & Knapp* v. *Miller*, (6 *Johns. Rep.* 195.) in which it was held, that if a constable sues a stranger, for taking goods which he had seized by virtue of an execution, the production of the execution, without the judgment, was sufficient to support his right of action.

The second objection requires more attention. The law is well settled, that before a verdict is recorded, the jury may vary from the first offer of their verdict, and the verdict which is recorded shall stand; and there are many cases in the books of a jury changing their verdict, immediately after they have pronounced it in open court, and before it was received and entered. (*Dyer*, 204. b. *Plowd.* 209. *Saunders* v. *Freeman. Co. Litt.* 227. b.) The verdict is not recognised as valid and final, until it be pronounced and recorded in open court; and it is reasonable that the jury should be enabled to avail themselves of the *locus pœnitentiæ*, and cor-

NEW-YORK,
Nov. 1810.

BLACKLEY
v.
SHELDON.

NEW-YORK,
Nov. 1810.

BLACKLEY
v.
SHELDON.

rect a verdict which they have mistaken, or about which, upon further reflection, they have doubt. (6 *Johns. Rep.* 68.) After the verdict is received, the jury may be examined by the *poll*, if the court please, and then either of the jurors may disagree to the verdict. (*Cro. Eliz.* 779.) So when the jury are retired, under the charge of the officer, they may come back into court to hear the evidence of a thing of which they are in doubt. (2 *Roll. Abr.* 676.) The law allows the jury all reasonable opportunity, before their verdict is put upon record and they are discharged, to discover and to declare the truth according to their judgment. The court may, also, of its own accord, send the jury back to reconsider their verdict, if it appears to be a mistaken one, and before it is received and recorded. We have an instance of this in 11 *Hen.* IV. 2. pl. 3. It was in a case of a writ of conspiracy against two, and the jury found one guilty and the other not guilty; and *Tirwit*, J. told the jury that their verdict was contradictory, and that if one be not guilty, the other was not guilty, in a charge of conspiracy; and that they had better reconsider their verdict; and the jury were accordingly taken back, and, afterwards, returned and found both guilty. This case was cited and approved of by the court of C. B. in *Freeman's* case, in *Plowden*.

The only question is, whether this law is applicable to the trial by jury, in a justice's court. The act says, that " when the jurors have agreed on their verdict, they shall deliver the same to the justice in the same court, who is thereby required to give judgment thereupon." This leaves the law precisely the same as before; for the judgment is to be upon the verdict agreed to by the jury, which means their final and definitive agreement: for they have the same right, and ought to have the same opportunity to correct a mistake, or to reconsider, that juries have in other courts, for the ver-

dict is equally binding upon their consciences, and still more conclusive upon the parties.

If the verdict be delivered in writing, as it was here, the justice had a right to permit the verdict to be taken by the poll; and the jury had a right to vary from their first finding. They had a right to retire and reconsider; and all that the justice did, in this case, was to request the jury to reconsider their verdict. They might have refused to reconsider, and have insisted upon adhering to their first verdict; but they consented to reconsider. It was their voluntary act, and one which they had a right to do. There was nothing then erroneous in the conduct of the justice. The verdict received and recorded was the only one to be regarded, and consequently the judgment below ought to be affirmed.

Judgment affirmed.