### George Roberts *vs.* The Rockbottom Company.

An agreement to labor for a company, "for the term of five years, or so long as A. shall continue to be agent of the company," is not within the statute of frauds, (Rev. Sts. *c.* 74, § 1, clause 5th,) as the agreement might have been fully performed within one year.

A jury, under instructions from the court of common pleas, found for the plaintiff, on both counts in his declaration, and assessed separate damages on each count: The court thereupon instructed the jury that the plaintiff was not entitled to recover on his second count, and ordered them to find a verdict for the defendant on that count, which they accordingly did. On the case being brought into the supreme judicial court, upon exceptions, it was *held,* that this court had no authority to amend the verdict, so as to conform it to the first finding of the jury, although the first instructions to them were right, and the last wrong.

The first count in the plaintiff's declaration was indebitatus assumpsit for labor and services; and the second count alleged that the defendants, by their agent, John A. Leforest, contracted with the plaintiff to superintend the carding department in their factory, for the term of five years from the 6th of May 1839, or so long as said Leforest should continue such agent, at two dollars per day, to be paid quarterly, and that the plaintiff, in pursuance of said contract, performed said service till the 12th of February 1840, when said Leforest (he then continuing to be such agent, and so remaining till the commencement

of this action) discharged the plaintiff from said service, and compelled him to seek other employment. Trial in the court of common pleas.

The judge, before whom the trial was had, signed the following bill of exceptions: " The defendants contended that the contract set forth in the second count was void by the statute of frauds, as it was proved to have been oral. But the judge, although inclining to that opinion, for the purpose of obtaining a verdict as to the damages, instructed the jury that they might consider the contract valid, and not within the statute; and that, if they should find for the plaintiff on both counts, they should assess the damages on each separately. The jury found for the plaintiff on both counts. On the first, they assessed damages at $24·88; and on the second, at $475. The plaintiff contended that the verdict should be put into form, so as to be a general verdict for the plaintiff, for the amount of the two sums thus found; leaving it to the defendants to except to the misdirection in point of law, if they should choose so to consider it. But the judge ordered the jury to reverse their verdict as to the second count, and to return, as to that, for the defendants; which was done accordingly. And to this order the plaintiff excepts."

*Josiah Adams & Hallett,* for the plaintiff. As the contract, set forth in the second count, might have been performed within a year, it was not within the Rev. Sts. *c.* 74, § 1. *Peter* v. *Compton,* Skin. 353. *Anon.* 1 Salk. 280. *Smith* v. *Westall,* 1 Ld. Raym. 316. *Fenton* v. *Emblers,* 3 Bur. 1281. *Kent* v. *Kent,* 18 Pick. 569. *Blake* v. *Cole,* 22 Pick. 97. *Moore* v. *Fox,* 10 Johns. 244. *M'Lees* v. *Hale,* 10 Wend. 426. *Russell* v. *Slade,* 12 Connect. 455. *Linscott* v. *M'Intire,* 3 Shepley, 201. *Lockwood* v. *Barnes,* 3 Hill, 128.

The plaintiff denies the authority of the court below to order an alteration of the verdict first returned by the jury, and claims the amount of damages found on the second count. This court, un !er the authority conferred by Rev. Sts. *c.* 82, § 15, may order the clerk to amend the last verdict, so as to conform it to the first finding.

*Mellen,* for the defendants. The agreement declared on in the second count is within the statute of frauds, as it was in the contemplation of the parties, when it was made, that it would continue more than a year. *Boydell* v. *Drummond,* 11 East, 159, per Bayley, J. Chit. Con. (5th Amer. ed.) 67, 68. *Bracegirdle* v. *Heald,* 1 Barn. & Ald. 722. *Birch* v. *Earl of Liverpool,* 9 Barn. & Cres. 392. *Snelling* v. *Lord Hunting-field,* 1 Crompt. Mees. & Rosc. 20. *Hinckley* v. *Southgate,* 11 Verm. 428. *Drummond* v. *Burrell,* 13 Wend. 307.

Whether the court below proceeded regularly, or not, in the ultimate direction to the jury, this court has no authority to *make* a verdict. But that proceeding was correct. It is not too late for a judge to instruct the jury in matter of law, at any time before a verdict is affirmed and recorded. Plowd. 212.

SHAW, C. J. The first question is, whether the contract of the plaintiff, as set forth in the case, was void by the statute of frauds, in consequence of not being in writing. The contract between the plaintiff and the company was, that they should employ him, and that he should serve them upon the terms agreed on, five years, or so long as Leforest should continue their agent. This is a contract which might have been fully performed within the year. The legal effect is the same as if it were expressed as an agreement to serve the company so long as Leforest should continue to be their agent, not exceeding five years; though the latter expression shows a little more clearly, that the contract might end within a year, if Leforest should quit the agency within that time. We think it now settled by recent cases, that where the contract may, by its terms, be fully performed within the year, it is not void by the statute of frauds, although, in some contingencies, it may extend beyond a year. *Kent* v. *Kent,* 18 Pick. 569. *Peters* v. *Westborough,* 19 Pick. 364. *Blake* v. *Cole,* 22 Pick. 97. *Wells* v. *Horton,* 4 Bing. 40. The judge of the court of common pleas having ultimately instructed the jury that the contract was void by the statute, though in an earlier stage of the cause he had instructed them differently, the court are of opinion that the verdict must be set aside, and a new trial granted.

The plaintiff has made a motion, grounded on the facts stated in the report, in regard to the first return of the verdict, by the jury, that the court will now enter judgment, on that first verdict for the plaintiff. This appears to us to be founded on a mistaken view of the legal effect of the paper thus returned by the jury. In truth, it was not a verdict, because it was not affirmed by the jury nor recorded by the court.* It was the verdict which they proposed to render, under the instruction which the judge had given them, that the plaintiff's contract was not void by the statute. But before the verdict was affirmed, the judge instructed them differently, and they then properly returned a verdict for the defendants, on the second count. But it is urged that the judge directed the jury to change their verdict on this count, and that this he had no authority to do. Perhaps, in that precise form, he had not. But he had authority, at any time before verdict affirmed and recorded, to vary his instruction to the jury, in matter of law, and the jury were in duty bound to be governed by it. The instruction that by the statute of frauds, the contract, as set forth and relied upon by the plaintiff, was void, and would not support an action, was purely matter of law, and was absolutely decisive, and required them to find a verdict for the defendants. The result, therefore, is the only one to which the jury could come, under this instruction of the court, on the application of the statute of frauds to the plaintiff's case.

But if there was any irregularity in this form of directing the jury, the only mode in which it can now be remedied is by a new trial. We cannot say that the jury, if called upon, would have affirmed that first paper returned and offered by them, as their verdict; and we know by the record and the exceptions, that it was not accepted and recorded. It cannot, therefore, now be the foundation of a judgment.

*Verdict set aside, and a new trial ordered.*

---

* See Bac. Ab. Verdict, G. *Blackley* v. *Sheldon,* 7 Johns. 32. *Walters* v. *Junkins,* 16 S. & R. 415. *Goodwin* v. *Appleton,* 9 Shepley, 458. Howe's Pract. 257.