## SUPREME COURT.

### BURHANS agt. TIBBITS.

The verdict of a jury may be amended or corrected so as to conform to the facts, where there is no doubt as to such facts, either by certificate of the judge or otherwise, and of the real intentions of the jury.

Where, however, the slightest doubt exists as to what transpired on the trial, or if any exist that the whole case has been disposed of by the court and jury, an amendment should not be allowed.

Where two issues were tried, one having been disposed of by the decision of the judge and the other submitted to and passed upon by the jury: *Held*, that it being proper and the evident intention of the jury under the direction of the judge, to find upon both issues, in order to make a complete record, it was proper for the judge to allow an amendment of that kind.

*Albany Special Term, August* 1851. *Motion to set aside the entry of an amended verdict made at the Circuit.* The action was for trespass upon lands, and also for taking and converting personal property found upon those lands. The defendant justified the entry by alleging title. Upon the trial, the judge, when the evidence was closed, decided, as matter of law, that the justification was sustained, and instructed the jury that, in respect to the trespass the action was not sustained, and that the only question for them was in respect to the conversion of the personal property, consisting of *a few dry poles* lying upon the premises in controversy. The jury rendered a verdict for *fifty cents* in favor of the plaintiff; and thereupon, at the request of the defendant's counsel, the judge allowed them to state upon what issue they found their verdict. They stated that it was for *the dry poles,* and an entry to that effect was made by the clerk in his minutes. Subsequently, upon the application of the defendant's counsel, the plaintiff's counsel being present and objecting, the judge directed the verdict to be amended so as to read as follows: " The jury find for the defendant upon the question of title put in issue by the pleadings, and a verdict of fifty cents in favor of the plaintiff for the value of certain personal property of the plaintiff found upon the premises by the defendant and by him

converted to his own use." This amended verdict the plaintiff moved to vacate.

J. K. PORTER, *for Plaintiff.*

H. G. WHEATON, *for Defendant.*

HARRIS Justice.—Two questions were tried. The one which was the principal question, whether the defendant had unlawfully entered upon the plaintiff's land; and the other, whether he had unlawfully taken and converted to his own use a small amount of personal property found upon the premises. The former issue the judge decided in favor of the defendant, and so instructed the jury. The latter alone was submitted to the jury. A general verdict was rendered in favor of the plaintiff. If this had been intended to apply to both issues, it would have been the duty of the court to set it aside, for the first issue had been withdrawn from the consideration of the jury. The court therefore allowed the jury to state upon which of the issues they found their verdict, and they, very properly, responded that it was upon the issue submitted to them—that it was for the dry poles. But such a verdict left the finding of the jury incomplete. There would be nothing upon the record showing that the issue upon the question of title had been disposed of. The fact that the court had, in effect, directed a verdict for the defendant upon that issue, did not appear. On this account, the amendment was necessary. The entry which the judge directed the clerk to make, gave shape and effect to the real finding of the jury. The question is whether the judge had authority to direct it? In strictness, the jury should have found for the defendant upon the question of title. But their intention so to find is manifest. Can the court give effect to such manifest intention? It has always been held that when a verdict is sufficient, in substance, to conclude the parties upon the issues tried, the court in which the trial is had, may give it appropriate words, and, even after error brought, an appellate court may make it right by amending the transcript and ordering the record below to be corrected (Rockefeller vs. Donnelly, 8 *Cow.* 623). " When the intention of the jury is manifest," said Lord Mansfield, in Hawkes vs. Crofton (2 *Burr.* 698), " the court will set right matters of form." And it is laid down

Burhans agt. Tibbits.

in *Hobart*, 54, " that if the point in issue can be concluded out of the finding, the court will work the verdict into form and make it serve." Thus, in Petrie vs. Hannay (3 *Term R.* 659), the defendant had pleaded the general issue and the statute of limitations. There was a verdict for the plaintiff upon the first plea, but nothing said about the other. Error was brought upon this very ground. But the court ordered the verdict to be amended so as to make it applicable to both issues. It is well settled, too, that where there are several counts in a declaration, and the jury find a general verdict, the court will, if some of the counts are bad, allow the verdict to be amended, upon the judge's certificate that the evidence given upon the trial was all applicable to the good counts (Sayre vs. Jewett, 12 *Wend.* 135; Norris vs. Dunham, 9 *Cow.* 151; Cooper vs. Bissell, 15 *John.* 318). In the executors of Van Rensselaer vs. The Executors of Platner, 2 *John. Cases,* 17, the plaintiffs, as executors, had sued for and recovered in the same action, rent upon an estate in fee, which had accrued both *before* and *after* the death of their testator. It was held that the objection, on the face of the record, was fatal to the recovery. But Radcliff, J. said, " If it can appear from the judge's notes on the trial, that the plaintiffs claimed and recovered for the previous rent only according to the modern and more liberal practice of our courts, I am inclined to allow the verdict to be altered or amended, agreeable to the truth of the case." In Beekman vs. Bemus, 7 *Cowen* 29, the jury in an action of replevin had found a general verdict for the plaintiff. The circuit judge, after the jury had separated, ordered the verdict to be amended by adding " six cents costs," and the court, in term, when a new trial was asked for, allowed the verdict to be further amended by adding " six cents damages."

Jones vs. Kennedy (11 *Pick.* 125), is quite in point. There the declaration contained three counts; one upon a note, another for goods sold, and a third upon an account stated. The defendant pleaded the general issue. The jury returned a verdict for the plaintiffs on the first count. It was objected that the verdict did not find the whole of the issue. The court said the verdict might be amended so as to make it a verdict for the defendant upon the other counts. " There being no evidence to establish

the third count, the attention of the jury was properly directed to the consideration of the first and second counts. And as the case was presented to them, their finding the promise alleged in the first, *implied* a negation of the promise set forth in the second. Under these circumstances, we see no objection to entering a verdict for the defendant upon the second and third counts." The same may be said of the case in hand. As the case was presented to the jury, their finding a verdict for the plaintiff generally implied that they found the conversion of the poles. When required to state the ground of their verdict, they so declared. This finding necessarily negated any finding for the plaintiff upon the other issue. They followed the direction of the court which was, in substance, that upon the first issue the defendant was entitled to their verdict. See also Porter vs. Rumming (10 *Mass.* 64), where it was held that the court might amend a verdict by putting it into form, if the intention of the jury could be gathered from their finding. Also Clark vs. Lamb (6 *Pick.* 512). In the latter case the verdict did not, in terms, find the whole issue. The court said, " if the judge shall certify, as we understand he is able to do, that there was but one demand in fact submitted to the jury, we think the verdict may be corrected." Where in ejectment, a verdict had been rendered for one half the premises, nothing being said about the other half, the verdict was amended by adding the words, " and for the residue they find for the defendant" (Scott vs. Galbraith, 1 *Dallas*, 134).

But I need not cite other authorities to show how uniform has been the practice of amending verdicts, so as to make them conformable to the facts as certified by the judge. I admit that extreme caution should be used in allowing such amendments. Where the slightest doubt exists as to the real intention of the jury, their verdict ought not to be changed. But where no such doubt exists, it would be an unnecessary obstruction to the administration of justice to refuse such an amendment. When mistakes occur, and occur they will and do, every court will feel bound, so far as practicable without injustice to any one, to correct them. If, in this case, there had been any doubt as to what transpired on the trial; or, if there had been any doubt that the whole case had been disposed of by the court and jury in the manner in-

dicated by the amended verdict, the amendment ought not to have been allowed, or, being allowed, it should be set aside. But there is no such doubt. No one denies that the case was fully heard and entirely disposed of. The jury intended to follow the direction of the court in relation to the question of title. The only error was in omitting formally to take their verdict for the defendant upon that issue. The case is clearly within the principle by which courts, from the earliest periods of our jurisprudence have been governed in allowing such amendments. The motion is therefore denied, but without costs