### THOMAS W. WELLS *v.* JOHN COX.

Where there is only one issue, and the intention of the jury to find for the
plaintiff is manifest, the Court will, in case of a mistake by them, correct
their verdict by making it conform to their finding, and give judgment upon
it accordingly. .

On the trial, the Court charged the jury that if their finding was in favor of
the plaintiff, the amount due him was six hundred and sixteen dollars and
twenty-nine cents. The jury found for the plaintiff, but forgetting the
amount given by the Court, returned a sealed verdict for the plaintiff " for
the whole amount claimed and interest,"—*Held*, that the Court could, on
motion, correct the verdict by inserting in it the sum stated in the charge.

APPEAL from an order at Special Term.

The judge on the trial charged the jury that a certain amount,
if anything, was due to the plaintiff, being the amount of the
draft on which suit was brought with interest and protest fees,
and that if they found for the plaintiff, they should find for him
for that amount. The jury agreed upon a verdict for the plain-
tiff, but being uncertain as to the exact amount stated by the
Court, made out a sealed verdict " for the plaintiff for the full
amount claimed and interest ;" supposing, according to an affida-
vit of all the jurors read on the motion, that the correct amount
would be inserted at the opening of the Court on receipt of their
verdict.

On the affidavit of the jurors to this effect the Court granted
an order to show cause why the verdict should not be amended
by substituting for the words " the whole amount claimed with
interest," the words, " the sum of six hundred and sixteen dol-
lars and twenty-nine cents ;" and after hearing counsel, entered
an order to that effect, and directed judgment to be entered
on the verdict as amended.

From this order the defendant appealed.

*C. Bainbridge Smith*, for appellant.
*Wm. R. Stafford*, for respondent.

Wells v. Cox.

BY THE COURT.—BRADY, J.—In submitting this case to the jury the presiding judge stated to them the amount the plaintiff was entitled to recover, if their finding was in his favor. They agreed upon a verdict in favor of the plaintiff, but were uncertain as to the amount stated by the judge in his charge. The uncertainty was whether the sum of six hundred and sixteen, or six hundred and seventeen dollars, or thereabouts, was the amount. They found generally therefore, for the plaintiff for the full amount claimed, and the interest. On an application made to the judge after the jury had been discharged, an order was made amending the verdict, so that it should read as follows, "verdict for the plaintiff for the sum of six hundred and sixteen dollars and twenty-nine cents," that being the sum which the judge instructed them was the extent of the plaintiff's claim. There was but one issue in the action, and the verdict, therefore, covered the whole subject in controversy. The intention of the jury was to find a verdict for the amount stated by the judge, and they have so deposed. The intention being manifest, and the case upon the application to amend being clear, the Court had the power to give judgment upon the substantial finding of the jury (*Hawkes* v. *Crofton*, 2 Burr., 698; *Rockfeller* v. *Donnelly*, 8 Cow., 652; *Petre* v. *Hanway*, 3 Term Rep., 659; *Cheetham* v. *Tillotson* 4 Johns., 508). The objection to the amendment is technical, and is not sustained by any element which called upon the Court to hesitate to exercise the power of making the verdict in language conform to the finding of the jury. There is no doubt that the whole case has been disposed of by the jury and the Court, and the amendment should be allowed (*Burhans* v. *Tibbitts*, 7 How. Pr. Rep., 21). The point in issue can be concluded out of the finding, and the Court will work the verdict into form and make it serve (*Foster* v. *Jackson*, Hobart, 54, *a*). The order appealed from should be affirmed with ten dollars costs.

Order affirmed.