THOMAS BRENNAN v. THE SECURITY LIFE INSURANCE & AN-NUITY Co.

Where the facts stated in a complaint upon a money demand on contract are admitted, and nothing is required to be done to entitle the plaintiff to a complete judgment in his favor, but a mere computation of interest on the demand for the period claimed, the defendant, upon an affirmative defense set up in his answer, has the right to open and close.

Interest is a mere incident to the principal sum claimed, and the amount is not the subject of controversy. In law it is entirely certain, in accordance with the rule that that is certain which can be rendered certain.

In a policy of life insurance in which it is provided that if the declarations of the insured, and " upon the faith of which the policy is made, shall be found to be,, in any respect, untrue," that then the policy shall be void, the entire truthfulness of such declarations is thereby made matter of warranty or condition precedent to a recovery upon the policy, and to avoid the policy it is not necessary that the declarations should be fraudulent as well as false, nor that they should be on a matter material to the contract, nor that the insurers should have issued the policy on the faith of the declarations.

APPEAL by defendants from a judgment entered on the verdict of a jury.

Action on an insurance policy issued on the life of George Schott, and which policy had been assigned to plaintiff.

The facts are stated in the opinion.

*R. H. Underhill*, for appellants.

*John McKeon*, for respondent.

BY THE COURT.*—ROBINSON, J.—The first point presented. for consideration is one of practice at the trial, whether where the case stated in the complaint upon a money demand on contract is admitted, and nothing is left for a complete judgment in the plaintiff's favor, but a mere computation of interest on the demand for the period claimed, the defendants, upon an affirmative defense, set up in their answer, had the right of

---

* Present, DALY, Ch. J., ROBINSON and LARREMORE, JJ.

opening the case to the jury. The judge at the trial, under such circumstances, granted this right to the plaintiff, against the objection and exception of the defendants. In this there was error. The right to open and close the case to the jury is a substantial one. The affirmative of the issue rested with the defendants; except as to a mere computation of interest, it was incumbent on them to establish all material facts presented for trial, and the mere calculation of the amount of the plaintiff's claim, so far as it included accrued or accruing interest, was not the subject of controversy. Interest is a mere incident to the principal claim, and in law is entirely certain. "*Id certum est, quod certum reddi potest.*" No fact is to be proved in respect to it, and its computation is a mere clerical act, that may be performed on the trial by the judge, or referred to the clerk or jury. Any error in the calculation is the subject of correction at any stage of the proceeding, without *special* exception being taken. Such absolute right of the defendants to open and close the case, where the affirmative of the issue presented by the pleadings rested with him, has been fully recognized and sustained by the courts (*Geach* v. *Ingall*, 14 Mee. & Wels. 95; *Ashby* v. *Bates*, 15 Id. 589; *Huntington* v. *Conkey*, 33 Barb. 218; *Ellwell* v. *Chamberlain*, 31 N. Y. 611; *Hoxie* v. *Green*, 37 How. Pr. 97; *Lindsley* v. *European Pet. Co.* 3 Lans. 176).

The judge also erred in refusing to direct the jury to find a verdict for the defendants if they believed the insured withheld from the defendants the fact that he held two (undisclosed) policies in the Guardian and Equitable companies (shown to have been for $30,000, in addition to the $35,000 disclosed), but referred to his previous charge, in which he had stated that, as to the answer of the insured to the 25th question in the application ("What amounts are now assured on the life of the party, and in what company? the answer being, 'Ætna, $10,000; Knickerbocker, $15,000; $10,000 additional applied for in Ætna'), if they found that George Schott (the assured), when he made that answer or declaration, was guilty of a *false and fraudulent representation*, and that *such representation was material* in the judgment of the insurers, and induced them to take the risk, then you will find for the defendants."

In this there was a disregard of the contract of insurance sued on, in which it was expressly stated, that "if the declaration made by the insured (containing the above question and answer), and forming part of this contract, *and upon the faith of which* this policy is made, shall be found, in any respect, untrue, then and in such case the policy shall be null and void," and without considering that the *entire truthfulness* of such declaration was, by the contract, made matter of *warranty* or *condition precedent* to any recovery upon it (*Chaffee* v. *Cattaraugus Nat. Ins. Co.* 18 N. Y. 378, and cases cited; Bliss on Life Ins. § 36, and cases in notes; and see *Foot* v. *Ætna Life Ins. Co.*, decided on reargument this term).

The responsibility of the defendant was placed by the judge upon other grounds, and made to depend on the representation being "false and fraudulent," and "material in the judgment of the insurers, in inducing them to take the risk." This left to the jury "full scope and verge" for consideration of the mere mental operations and speculations, both of the insurer and insured, in respect to the matter of inquiry; while by the contract the entire *truthfulness* of the answers, in respect thereto, was made a primary test or condition of the defendant's liability.

For these reasons the judgment should be reversed, and a new trial ordered, with costs to abide the event.

Judgment reversed.