# New York Marine Court.

*General Term—March,* 1878.

## GEORGE T. WEST *against* THERESA LYNCH.

**Brokerage on exchange of diamonds for real estate.**—A broker employed to negotiate for a house, in exchange for which the defendant was to give diamonds, found a person willing to make an exchange on the terms proposed. The house was satisfactory to the defendant, and the minds of the parties met as to the price and terms.

The defendant finally refused to agree upon any equitable mode of fixing the value of the diamonds which she was to give in exchange. *Held,* that as no particular diamonds, properly identified, were to be given in the exchange, but merely "diamonds of a certain value," the value of the diamonds had, in the nature of things, to be fixed, and that the defendant's refusal to agree upon any equitable mode of fixing their value was capricious, and could not deprive the broker of the price agreed upon for his services.

The defendant employed the plaintiff, a real-estate broker, to negotiate for the purchase of a house and lot in Thirty-eighth street, in the city of New York. The price of the house was fixed at $34,500. It was subject to a mortgage of $12,500, and the owner's equity, *i. e.*, $22,000, was to be paid for in diamonds of that value. These terms were assented to by Mr. Lawrence, the owner of the house, as well as by the defendant.

The defendant was a dealer in diamonds, and the owner of the house was uninformed as to the value of such things, and proposed to have the diamonds ap-

praised in any equitable way by some competent disinterested third person or persons, so that on closing the exchange, the diamonds might be taken at their ascertained value. The defendant refused to assent to any such arrangement, whereupon the trade fell through. The plaintiff thereupon sued to recover $500, the brokerage which the defendant agreed to pay him upon making the exchange.

Upon the trial, the plaintiff recovered a verdict for $345, being one per cent. upon the contract price of the property.

From the judgment entered upon this verdict the defendant appealed.

*Dexter A. Hawkins,* for appellant.

*H. M. Whitehead,* for respondent.

McADAM, J.—The minds of Lawrence and of the defendant met as to the price, terms and subject of the sale. Lawrence was to convey his house, 102 East Thirty-eighth street, to the defendant, for $22,000 in diamonds. The house was put in at $34,500, subject to a mortgage of $12,500, leaving Lawrence's equity $22,000, the amount before mentioned.

The diamonds required no particular identification, because Lawrence was to receive any diamonds so long as they were worth the stipulated $22,000. In other words, the basis of the contract was, that the diamonds, being marketable, and easily converted into money, were to be deemed the equivalent of $22,000 in cash. The value of the diamonds, in the nature of things, had to be fixed by appraisement, or by some like appropriate mode, their identity being of as little consequence (according to the spirit of the contract) as the identity of so many gold or silver dollars would have been, if the agreement had called for that kind of coin instead of precious stones. The plaintiff brought

West v. Lynch.

the contracting parties together, under a promise made by the defendant to pay him $500 for his services.

Under this employment, the plaintiff procured for the defendant a person, able and willing to carry out the proposed contract, and the evidence sufficiently establishes that the failure to consummate it was owing to the refusal of the defendant to consent to any reasonable mode of determining the value of the diamonds which she proposed to give as the representative of the stipulated $22,000.

The defendant had no right to expect Lawrence (who was not a diamond expert), to rely either upon his own imperfect judgment, or upon the defendant's representations, in praise of her own goods. This would be exacting an advantage which no man of ordinary intelligence, purchasing $22,000 worth of diamonds, could with propriety or safety concede.

The broker did all he could to have the sale consummated, and it was neither his fault, nor that of his customer, that it fell through. The contract, as to the broker, must therefore be regarded as complete, for it is a maxim of the law, that that is certain which may be made certain; *certum est quod certum·reddi potest* (*Co. Litt.* 43; *Bouvier*, vol. 1, p. 214, subd. 3).* Under such circumstances, the defendant should not be allowed to defeat the broker's claim for services which her own capricious refusal rendered valueless to her. The defendant's capriciousness is evidenced by her failure to follow up and carry out any of the reasonable modes which were proposed for determining the value of the diamonds, in order that it might be made certain under the maxim stated. The jury were thereby

* For example, when a man sells the oil he has in his store, at so much a gallon, although there is uncertainty as to the quantity of oil, yet inasmuch as it can be ascertained, the maxim applies, and the sale is good. *Vide* generally, *Story Eq. El.* §§ 240–256; *Mitf. Eq. Pl. by Jeremy*, 41; *Coop. Eq. Pl.* 5; *Wigr. on Disc.* 77.

West *v*. Lynch.

justified in finding that, for some reason of her own, the defendant purposely broke up the exchange. Perhaps she had a legal right to do this, but whether she had or not, she cannot go further, and deprive her broker of compensation which he earned.

The jury brought in a verdict of $345 for the plaintiff (being one per cent. on $34,500, the agreed price for the house), to this was added $106.60, the accrued interest, making together $451.60, and for this amount the verdict was recorded. The damages were fixed and certain, and interest followed, as of course, from the time the action was commenced. There was no dispute as to the accuracy of the computation, and there was no error committed in recording the verdict for the proper amount (Burnhans *v*. Tibbetts, 7 *How. Pr.* 21 ; Wells *v*. Cox, 1 *Daly*, 515 ; Blackley *v*. Sheldon, 7 *Johns.* 32 ; Root *v*. Sherwood, 6 *Id.* 68).

The defendant's counsel, upon the argument, claimed that the defendant was not liable, because she was a married woman, but this is neither pleaded as a defense, nor admitted as a fact.

A further answer to this objection is that the evidence shows that the diamonds belonged to the defendant, and that she was engaged in the business of buying and selling such goods.

It follows, therefore, that the judgment must be affirmed.

SHEA and SHERIDAN, JJ., concurred.

NOTE.—The judgment herein was affirmed by the general term of the common pleas, on a further appeal.