PETER GRATTAN AS EXECUTOR, ETC., OF TERENCE GRATTAN, DECEASED, RESPONDENT, *v.* THE NATIONAL LIFE INSURANCE COMPANY OF THE UNITED STATES OF AMERICA, APPELLANT.

*Policy of life insurance payable to executors in trust — who may maintain action upon — Insurable interest — who has — Physician — cannot disclose information acquired from patient.*

Where a policy of life insurance is made payable to the executors or administrators of the insured, in trust for his father, the executor is the trustee of an express trust, and may maintain an action to recover the amount of the policy.
A father has an insurable interest in the life of his son.

When the relation, whether of consanguinity or of affinity, between the insured and the beneficiary is such as to warrant the conclusion that the beneficiary has an interest in the life of the insured, whether pecuniary or arising from dependence or natural affection, it is sufficient to sustain the policy.

Information acquired by a physician in attending a patient, cannot be disclosed by him.

Appeal from a judgment in favor of the plaintiff, entered upon the report of a referee.

*William H. Ingersoll*, for the appellant.

*La Mott W. Rhodes*, for the respondent.

Tappan, J.:

Defendant appeals from a judgment entered against it upon the report of a referee.

The action was brought upon two policies of insurance, issued by the defendant, upon the life of Terence Grattan, February 28th, 1876. Each policy was issued upon the written application of said Terence Grattan, signed also by the plaintiff as the intended beneficiary under the policy applied for. The policies issued upon these applications, and the applications provided that such application and each statement made therein formed a part of the contract of insurance, and that the assured and any person accepting, or acquiring any interest in the contract, admitted the same to be material, and warranted the same to be full and true, and the only statements upon which the contract was made. And each of the policies provided, that if anything in the application should be in any respect untrue, or mis-stated, the consideration of the contract should be deemed to have failed, and the company should not be liable under it.

One of the policies was for $5,000, and was payable after the death of Terence Grattan to his executors or administrators, "for the use of Peter Grattan, his father." The other policy was for $1,000, to be paid to Terence Grattan, or such person as he should appoint, on the 28th day of February, 1896; "or if Terence Grattan, the person insured under this policy, shall sooner die, then, after his death, to his executors or administrators, for the use of Peter Grattan, his father."

Terence Grattan was ill about four months, and died November 8th, 1876, then aged twenty-one years and one month. He died of consumption. No evidence was given which would have justified the referee in finding that on February 18th, 1876, or at the time the policies were issued, he was diseased. Defendant urged upon the trial, and has argued here, that there was no proof whatever that the claim in this action was in any way related to, or was for the benefit of, the estate of Terence Grattan, for whom plaintiff sued as executor; and that plaintiff personally had no insurable interest in the life of his son.

It will be noticed that the policies are in terms, payable to the executors or administrators of the insured, for the use of Peter Grattan, his father. The policies are payable to the party named therein. In this case, to the executor of the insured, who is trustee of an express trust, to hold the money for the plaintiff. The insured having named his father as the executor of his will, in that capacity he is entitled to recover the money. (Code of Civil Procedure, § 449.)

At the time the insurance was perfected, Terence Grattan was the minor son of plaintiff; he was entitled to his services until his son should attain his majority, and after that age this son, in case of indigence of his father, the plaintiff, might be compelled to aid in his support and maintenance.

It seems to be well-settled law that a parent has an insurable interest in the life of his child. The insured need not necessarily have any pecuniary interest in the life of the *cestui que vie*. The contract of life insurance is not one merely of indemnity for a pecuniary loss, as in marine and fire policies; it is sufficient to show that the policy is not invalid as a wager policy. If it appear that the relation, whether of consanguinity or of affinity, was such between the person whose life was insured and the beneficiary named in the policy, as warrants the conclusion that the beneficiary had an interest, whether pecuniary or arising from dependence or natural affection, in the life of the person insured, such interest will uphold the policy.

Where it appears that the stipulated event has happened, and the insured had an insurable interest in the life of the person insured *at the inception of the contract*, this is enough to authorize

a recovery. (*Ins. Co.* v. *Bailey,* 13 Wall. [U. S.], 616; *Rawls* v. *Am. Mu. Life Ins. Co.,* 27 N. Y., 282; *Loomis* v. *Eagle Life Ins. Co.,* 6 Gray, 399; *Conn. Mut. Life Ins. Co.* v. *Schaeffer,* 15 A. L. J., 394.) The insured was not bound to furnish proof of his interest. (*Smith* v. *Ætna Life Ins. Co.,* 5 Lans., 545.) The policies are in the nature of valued policies. (*Miller* v. *Eagle Life and Health Ins. Co.* 2 E. D. Smith, 268.)

Upon the trial the defendant produced Doctors Hun, Shepherd and Shiland, who had attended Terence Grattan, or his mother, Ellen Grattan, and offered to prove by them that certain answers which had been given by the insured to interrogatories contained in the application, in reference to the disease of which she died, and his own previous health, were untrue. The knowledge of these witnesses had been obtained while attending the mother and son as physicians. A large number of questions were asked to obtain the information sought after, to each of which the plaintiff interposed the objection, that the evidence sought tended to disclose privileged communications and information obtained while acting in a professional capacity. The referee sustained the objections and excluded all evidence of this character, and the defendant excepted. It is provided by statute (3 R. S. [6th ed.], 671, § 119) that "no person, duly authorized to practice physic or surgery, shall be allowed to disclose *any information* which he may have acquired in attending any patient in a professional character, and which information was necessary to enable him to prescribe for such patient as a physician, or to do any act for him as a surgeon." And, substantially, the same provision is contained in section 834 of the Code of Procedure ; and section 836 of such Code, provides that this section shall apply to the examination of a person as a witness, unless the provisions thereof are expressly waived by the patient  This law was recently construed by this court in the case of *Edington* v. *Mut. Life Ins. Co. of N. Y.* (5 Hun, 1), and in the same case by the Court of Appeals (67 N. Y., 185), where that court uses this language : "There is no ground for claiming that the right of objecting to the disclosure of a privileged communication is strictly personal to the party making it, or to his personal representatives, and that it cannot be available to a third party." That court also held that, when the statute refers

to information, " it means not only communications received from the lips of the patient, but such knowledge as may be acquired from the patient himself; from the statement of others who may surround him at the time, or from observation of his appearance and symptoms. * *. * Information thus acquired is clearly within the scope and meaning of the statute."

We have examined the several questions, objections and offers, and the rulings of the referee thereon, and do not perceive that the referee in excluding evidence extended the rule beyond that held by the court in the above case. We have not failed to see the suspicion which an objection to this class of evidence casts upon the plaintiff's case, nor the embarrassment of life insurance companies in ferreting out attempts to defraud; these are considerations for the Legislature, but can have no legitimate weight with the court where the statute is plain and has received judicial construction. The defendant upon the trial sought to use the letters of some of these physicians upon the subject of their proposed examination which had been excluded by the referee, and the fact that one of these letters was written and addressed to the plaintiff, and delivered to the agent of the defendant, was urged as establishing its competency. The evidence was properly excluded; it was, at most, a statement of a third person, not verified, hearsay and incompetent; the difficulty in proving the facts sought to be established by legal and competent evidence, when the testimony of attending physicians is excluded, does not allow the party to resort to reputation, the declarations of third persons not under oath, or other incompetent evidence to prevent the failure of justice. The applications and the statements therein contained, were the basis of, and a part of the policies of insurance; the policies by their terms make the statements material to the risks assumed; and if any of the statements are untrue, this avoids the policies, although such statements were made in good faith, and in the belief of their truth. (*Foot* v. *Ætna Life Ins. Co.*, 61 N. Y., 571; *Brennan* v. *Security, Life & Annuity Co.*, 4 Daly, 296; *Wright* v. *Equi. Life A. S.*, 50 How. Prac. Rep., 367; *Cushman* v. *U. S. Life Ins. Co.*, 63 N. Y., 404.) The defendant alleged in its answer that the statement in the application for insurance that Ellen Grattan, the mother of the insured, had died of inter-

mittent fever after child-birth was untrue ; that she had really died of consumption. The burden of proving these allegations was upon the defendant. (*Piedmont & Arlington Life Ins. Co.* v. *Ewing*, 92 U. S. Rep.; 2 Otto, 377; *Jones* v. *Brooklyn Life Ins. Co.*, 61 N. Y., 79.)

In the absence of proof, other than the policies, applications and proofs of loss, the referee was justified in finding that she died as stated in the applications. The other evidence offered on that subject was not so conclusive as to justify this court on appeal in reversing the finding of the referee.

Judgment should be affirmed, with costs.

Present — LEARNED, P. J.; BOARDMAN and TAPPAN, JJ.

Judgment affirmed, with costs