STEVENS *v.* SONTO *et al.*

(*City Court of New York, General Term.* October 26, 1888.)

1. SALE—ACTION FOR PRICE—VERDICT.
   In an action for the price of furniture manufactured for defendants, the latter admitted the sale and delivery, except as to four mahogany and two walnut cabinets, which they alleged were not according to contract. The verdict was as follows: "We find for the plaintiff the sum of $417, and interest, plaintiff to retain three of the mahogany cabinets." Plaintiff's claim was for $507, or $417 and the price of the three cabinets. *Held* that, though the verdict was improper in form, it would not be disturbed at the instance of defendants, as they were not prejudiced thereby. PITSHKE, J., dissenting.

2. SAME—RIGHTS OF BUYER—ARTICLE TO BE MANUFACTURED—BREACH—DAMAGES.
   Defendants, under the general allegation of damages, could not prove, as a counter-claim, a loss of profits on the cabinets.

Appeal from trial term.
Action by Chancey Stevens for the price of furniture manufactured for the defendants, Baldomero Sonto and another. Verdict for plaintiff, and from a judgment entered thereon, and an order denying a motion for new trial, defendants appeal.
Argued before NEHRBAS, McGOWN, and PITSHKE, JJ.
*Andrew Shiland, Jr.*, for appellant. *C. H. Machin*, for respondent.

NEHRBAS, J. Plaintiff sues for goods sold and delivered. The defendants admit the sale and delivery of the goods, except four mahogany and two walnut cabinets, which they claimed were not according to contract, and inferior in workmanship. The jury rendered the following verdict: "We find for the plaintiff the sum of $417 and interest, plaintiff to retain three of the mahogany cabinets." Defendants duly excepted to the form of the verdict both before and after the same was recorded, and they claim that the judgment entered thereon should therefore be reversed. The form in which the jury rendered their verdict is certainly improper. Still it should, nevertheless, not be set aside, unless the defendants were injured thereby. Were they so prejudiced? On examining the bill of particulars of plaintiff, we find that each of the mahogany cabinets is valued at $30, making $90 for the three. The plaintiff's entire claim is $507. Deducting the three cabinets therefrom,

leaves $417, the amount of the verdict. To validate the verdict, all after the statement of the amount must be regarded as surplusage; thus leaving it in favor of plaintiff for $417 and interest. The jury evidently intended that plaintiff might retain three of the four cabinets, as not properly manufactured, requiring the defendants to pay for all the other goods sued for. By considering the superfluous words as surplusage, all the goods in suit, including these three cabinets, are naturally the property of the defendants; the jury having found that they were worth *in toto* but $417. Now, it seems to us that if any one ought to complain of this construction it is the plaintiff, and not the defendants; for the former is the loser of three cabinets which the latter obtain *gratis*. It is therefore difficult to comprehend in what manner the defendants are prejudiced by the verdict as rendered. They are entitled to all of the goods for which this action is brought, and have had $90 deducted from the agreed price therefor. Nothing further could be gained by a new trial, where the entire amount in dispute is but $160, of which $90 has been allowed. The evidence was properly submitted to the jury. The testimony was conflicting, and the verdict quite favorable to the defendants.

As to the counter-claim as offered to be proven upon the trial, we think its exclusion was right. Loss of profits should be specially pleaded, and cannot be proven under a general allegation of damages. The ordinary rule governs in such case; that is, the difference between the market price and contract price. *Parsons* v. *Sutton*, 66 N. Y. 92. There is no proof that the cabinets could not be procured in the market, or that others might not have been manufactured in their stead, to fill the order which defendants had. Under the circumstances, the ruling of the trial judge was correct. No exception was taken to the charge of the trial judge, and none of the exceptions otherwise taken are meritorious. It follows that the judgment and order appealed from should be affirmed, with costs. So ordered.

McGOWN, J., concurred.

PITSHKE, J., (*dissenting.*) Appeal from a judgment upon a verdict for the plaintiff, and from an order refusing a new trial. The suit was for the price of a lot of furniture made for defendants according to certain designs. The jury rendered the following verdict: They find a verdict for the plaintiff, and assess the damages at $439.94; plaintiff to retain three of the mahogany cabinets. The controversy was confined to six cabinets,—four mahogany and two walnut,—which defendants claimed were not made according to the contract. The addition to the general verdict is explanatory of and consistent with the preceding award set out in the verdict, and shows the jury's intendment, and the way they arrived at the "result" expressed by their general verdict in money; and it is not a case like *Herzberg* v. *Murray*, 8 Jones & S. 272, where the jury assumed the powers of the court and went beyond the issue, and gave a judgment to be carried out. The said addition herein to the verdict is hence mere surplusage, that may be stricken out or disregarded. *Richmond* v. *Tallmadge*, 16 Johns. 307; *Sayre* v. *Jewett*, 12 Wend. 135; *Wells* v. *Cox*, 1 Daly, 516; *Burhans* v. *Tibbits*, 7 How. Pr. 21; *Jones* v. *Insurance Co.*, 61 N. Y. 85, 86. But the verdict as rendered shows, on its face, that the jury committed an error in computing the amount they intended to award to the plaintiff. They include $30 for one of the four mahogany cabinets returned as imperfect, whereof the jury declared three to have been properly returned; which three, therefore, must remain, they said, with the plaintiff. This fourth one was in law consequently also not chargeable against defendants, for the contract was entire as to each class of cabinets. The verdict is hence too large by $30, which should be remitted by plaintiff. *Fash* v. *Ferry Co.*, 8 N. Y. St. Rep. 363, 367. The defendants, if dissatisfied, could return the goods, and plead a rescission of contract, to the extent of the goods not

accepted. In executory contracts of sale of chattels, the unqualified retention of the property is an admission that the contract has been so far performed. *Reed* v. *Randall*, 29 N. Y. 358, 362, 363. The seller may recover for the portion delivered and accepted. *Shields* v. *Pettee*, 2 Sandf. 262, 267, 268; *Howard* v. *Hoey*, 23 Wend. 350. As defendants accepted none of the four mahogany cabinets, but returned them all, and the jury has found that the plaintiff failed to perform his contract with respect to the mahogany cabinets contracted for, no recovery could be·allowed for any of the mahogany cabinets returned. As to the walnut cabinets, the jury found the contract to have been duly performed.

The alleged counter-claim was without foundation. It is only where there was a "warranty" of quality that the goods may either be retained, and cross-damages claimed, (*i. e.*, under the warranty,) or (at buyer's option) such goods as are imperfect be returned, and a rescission of the contract to that extent pleaded in a suit for the price of the goods. But even then such purchaser cannot, in the same action, stand both on the rescission of the contract *pro tanto*, by a·return of the goods, and also upon an averment claiming damages for breach of the warranty. These two positions are inconsistent in the same action, touching the same contract. *Norton* v. *Dreyfuss*, 106 N. Y. 91, 95, 12 N. E. Rep. 428. As there was no proof of any warranty of quality, there could be no counter-claim regarding the furniture not repudiated, and returned, or offered to be returned, or as to any of the goods. Upon a remission by plaintiff of $30, for the reasons stated, the verdict may be sustained. 8 N. Y. St. Rep. 363, 367, *supra*. The judgment and order denying a new trial should be reversed, and a new trial ordered, with costs to abide the event; unless within six days the plaintiff stipulate to reduce his recovery of damages to $409.94, besides the costs taxed, in which case the judgment, as modified, will be affirmed, without costs.