(7 Misc. Rep. 6.)

### PEETSCH v. QUINN.

(Common Pleas of New York City and County, General Term. February 5, 1894.)

1. INTEREST—ON PRICE OF GOODS SOLD.
   Plaintiff, in an action for the price of goods sold, is entitled to interest on the amount of his recovery.
2. SAME—CORRECTION OF VERDICT.
   Interest on such amount is not the subject of proof, but of computation; and, if the verdict as rendered fails to include interest, it should be corrected by the addition of interest, and be recorded as so amended.

Appeal from city court, general term.

Action by Henry C. L. Peetsch against William H. Quinn for goods sold and delivered. From a judgment of the city court affirming a judgment entered on a verdict in favor of defendant, also from orders of the city court affirming order denying motion to vacate order of affirmance, (26 N. Y. Supp. 728,) and order denying motion to enter order of affirmance nunc pro tunc, (Id. 729,) and order granting leave to issue execution, (Id. 731,) plaintiff appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Edward W. S. Johnston, for appellant.
Michael H. Curran, for respondent.

PRYOR, J.   In an action for $52, the price of goods sold and delivered, the defendant challenged an item of $2.50, which the jury disallowed, and returned a verdict of $49.50 for the plaintiff. The recovery being for less than $50, the costs, $68.62, were credited to the defendant; and, the $49.50 being deducted from that amount, judgment was entered for the defendant in the sum of $19.12. Upon the return of the jury to render their verdict, but before it was announced, the court was requested, and declined, to instruct the jury that the plaintiff was "entitled to recover interest upon whatever amount they might find."   Again, after the rendition of the verdict, but before the discharge of the jury, plaintiff's counsel asked the court to direct the jury "to add interest from whatever date they may find the plaintiff is entitled to interest upon that amount," and this request, too, the court rejected.   To both rulings the appellant duly excepted.   That, of absolute right, the plaintiff was entitled to interest on the amount of his recovery, we had supposed to be too plain a proposition of law to be mistaken even in the hurry of nisi prius proceedings.   Dana v. Fiedler, 12 N. Y. 40; Andrews v. Durant, 18 N. Y. 496, 502; McCormick v. Railroad Co., 49 N. Y. 304; Brennan v. Annuity Co., 4 Daly, 296; Mansfield v. Railroad Co., 114 N. Y. 331, 336, 21 N. E. 735, 1037.   No time of payment for the goods being specified, the price was payable immediately on delivery, and carried interest from that moment.   Chester v. Jumel, 125 N. Y. 237, 254, 26 N. E. 297.   A bill was sent with the goods, (September 6, 1890,) and thus, for another reason, interest ran from the time of delivery.   Mackovsky v. Railway Co., 11 N. Y. St. Rep. 649.   But, as the complaint claims interest only from October 3d, perhaps it should not be recovered beyond that period. In its opinion at general term the court below says:

"The jury had the right to allow the amount claimed or any smaller amount.   It is quite possible that they did not intend the plaintiff should recover a larger verdict, including interest."

Indisputably, if the plaintiff was entitled to a verdict, he was entitled to recover at least $49.50; and nothing in the pleadings or proofs authorized a verdict in his favor for any smaller sum, exclusive of interest.

In denying the motion for a new trial the learned trial judge seems to found his decision on two grounds:   That there was no proof of interest, and that by disallowing interest, and so throwing the costs on the plaintiff, suitors would be admonished not to vex the city court with trivial litigations.   In Brennan v. Annuity Co., 4 Daly, 296, 297, we said:

"Interest is a mere incident to the principal claim, and in law is entirely certain.   No fact is to be proved in respect of it, and its computation is a mere clerical act that may be performed on the trial by the judge, or referred to the clerk or jury."

Interest, being the plaintiff's legal right, may not be refused him, however commendable the motive of the denial. In refusing plaintiff's request on the trial for interest the learned judge intimated that the application came too late; but any error as to interest "is the subject of correction at any stage of the proceeding." 4 Daly, 297. Or, in the language of counsel for the appellant, "where the jury through mistake fail to include interest in their verdict, it may be recorded so as to include interest;" citing West v. Lynch, 1 City Ct. R. 225; Burhans v. Tibbits, 7 How. Pr. 21; Wells v. Cox, 1 Daly, 515; Blackley v. Sheldon, 7 Johns. 32; Root v. Sherwood, 6 Johns. 68; Clark v. Lude, 63 Hun, 363, 18 N. Y. Supp. 271. This was precisely what the plaintiff demanded, and it was error to deny his request. By reversal of the judgment of the general term the several subsequent orders become ineffectual, and we have no occasion to consider them. Judgment reversed, with costs; verdict corrected by the addition of interest on its amount from October 3, 1890, to the day of trial; and judgment for plaintiff on the verdict as corrected, with costs. 63 Hun, 366, 18 N. Y. Supp. 271.