(12 Misc. Rep. 52.)

### SCHILDWACHTER v. MAYOR, ETC., OF CITY OF NEW YORK.

(Common Pleas of New York City and County, General Term.   April 1, 1895.)

1. COSTS—RIGHT TO.
    An action for rent is not converted into an equitable action, in which costs are in the discretion of the court, merely by the making of a motion for an interpleader, which is not granted.

2. PRACTICE IN CIVIL CASES—DISCONTINUANCE.
    In an action at law for the recovery of a sum of money, the court cannot, of its own motion, order a discontinuance, where no counterclaim has been interposed.

Appeal from special term.

Action by Charles C. Schildwachter against the mayor, etc., of New York, for rent.   From an order directing payment to plaintiff of the claim in suit, without interest, and a discontinuance of the action, without costs, plaintiff appeals.   Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

W. E. Benjamin, for appellant.

Francis M. Scott and John L. O'Brien, for respondent.

BISCHOFF, J.   The proceeding of which the order appealed from is the outcome was instituted by defendant as a motion for interpleader, under section 820 of the Code of Civil Procedure. The order, however, accomplished a very different result from that originally sought, for thereby the action was directed to be terminated, as against all parties concerned, upon defendant's paying the plaintiff the amount of his claim, without interest or costs.   In that interest and costs were thus disallowed, lies the appellant's grievance.   The claim in suit was for two months' rent of certain premises leased by defendant from plaintiff's assignor for use as a fire-engine house, for the amount of which rent demand was duly made upon the proper officer, and the action instituted after an interval of six months.   Two months after the commencement of the action this motion was made, upon the ground that one Annie Foley laid claim to the fund in question; but upon the return day of the motion the adverse claim was abandoned, and the claimant consented to the payment to plaintiff of the amount sued for.   The order now before us was thereupon made, and it was thereby provided "that the sum of two hundred and twenty ($220) dollars, due for rental of premises No. 104 and 106 East One Hundred and Twenty-Sixth street during the months of February and March, 1894, be, and the same hereby is, directed to be paid over to Charles C. Schildwachter, and that the mayor, aldermen, and commonalty of the city of New York thereupon be discharged from liability to either the plaintiff above named or said Mrs. Annie Foley, and that the said defendants have five days after entry of this order to pay the said sum, and the foregoing action be discontinued, without costs to either party."

The order to show cause, upon which the motion was instituted, recited the fact that it was made upon "all the papers and pro-

ceedings herein," and the order appealed from recited the order to show cause. Hence the complaint in the action must be assumed to have been before the court, and, in the complaint, interest was demanded from appropriate dates. Thus, such interest was as much a part of plaintiff's claim as any other item constituting it, and, the claim standing undisputed, he was entitled to interest, as of absolute right. It was therefore not to be disallowed, "however commendable the motive of the denial." Peetsch v. Quinn, 7 Misc. Rep. 6, 27 N. Y. Supp. 323; Sibley v. Assurance Co. (Super. Ct. N. Y.) 3 N. Y. Supp. 8. And in this regard the order is not to be supported. Failing the adverse claim, there was no further question but that defendant's motion for interpleader could not prevail; it having accepted the claimant's withdrawal, and abandoned the prosecution of the motion upon the original ground. The action was one at common law for the recovery of a sum certain, and no counterclaim had been interposed. The court could not, of its own motion, order a discontinuance. Wilcox v. Daggatt, 15 N. Y. Wkly. Dig. 208. Nor do we find any grounds for the granting of the defendant's motion without the imposition of costs as a condition thereto. The costs provided by statute are awarded upon principles of natural justice, that he who has, by his resistance, subjected another to the expense of litigation in the enforcement of a just demand, should make indemnity for the expense. Pars. Costs, p. 3, § 5; Report of Code Com'rs 1848, p. 208. And while a plaintiff has been permitted, on his own motion, to discontinue an action at law, without costs, where it appeared that the demand was not enforceable because the defendant was an infant, a bankrupt, or otherwise exempt, which facts were unknown to the plaintiff when the action was instituted (Park v. Moore, 4 Hill, 592; Smith v. Skinner, 1 How. Prac. 122; Cuyler v. Coats, 10 How. Prac. 141; Wellington v. Classon, 18 How. Prac. 10; Taaks v. Schmidt, 19 How. Prac. 413; Smith v. Britt, 8 N. Y. Wkly. Dig. 76; Van Buren v. Fort, 4 Wend. 209; Arnoux v. Steinbrenner, 1 Paige, 82; Phoenix v. Hill, 3 Johns. 249), or where, since the action was commenced, a change in the law exempted the defendant from liability (Gale v. Wells, 7 How. Prac. 191; Porter v. Jones, Id. 192), no precedent is to be found for the enforced discontinuance of an action without the payment of costs upon the application of a defendant confessedly liable for the demand in suit. Assuming, therefore, that there is some discretion which may be exercised by the court where the plaintiff applies for leave to discontinue an action without costs, in the instances ruled upon in the cases above cited, it remains that the facts here appearing afford no justification for the order appealed from, and an arbitrary denial of costs is within the province of a general term to review. Claflin v. Robertson (Sup.) 6 N. Y. Supp. 430. In this case the plaintiff was in no way in fault, the institution of the action being necessitated by the defendant's failure to pay its just debt. So far as appears, the plaintiff was entitled to recovery and to the accrued costs as of course. Code Civ. Proc. § 3228, subd. 4. Obviously, the action was not converted into an equitable one, in which the costs are in the dis-

cretion of the court (section 3230), since the motion for interpleader was not granted. Clark v. Mosher, 107 N. Y. 118, 14 N. E. 96. The order appealed from should be reversed, with costs of this appeal, and costs of the special term. All concur.