(64 App. Div. 302.)

### BALE et al. v. PASS.

(Supreme Court, Appellate Division, Second Department. October 4. 1901.)

MUNICIPAL COURTS—JURISDICTION—SETTING ASIDE VERDICT—MISTAKE IN RENDITION.

> Consol. Act, § 1367, provides that a motion to set aside the verdict of a jury and vacate or modify a judgment rendered in an action thereon in the district court may be made on exceptions, or because the verdict is contrary to the evidence or contrary to law, as specified in Code Civ. Proc. § 999, amended by Laws 1896, c. 748. The Greater New York Charter, Append. 7, states that the provisions of the New York City consolidation act are continued in force by the Greater New York Charter, § 1369. Held, that the municipal court of the city of New York has power to set aside a verdict for mistake of the jury in rendering a verdict for the defendant where the intention was to render it for the plaintiff.

Appeal from municipal court, borough of Richmond, First district.
Action by Frank Bale and another against Adolph Pass. From an order of the municipal court of the city of New York setting aside a verdict in defendant's favor and directing a new trial, he appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

George Bell, for appellant.
Arthur A. Michell, for respondents.

GOODRICH, P. J. This appeal raises the question whether the municipal court of the city of New York has power to set aside a verdict for mistake of the jury in rendering a verdict for the defendant where the intention was to render it for the plaintiffs. The jury, which, by consent, consisted of five jurymen, announced a verdict in favor of the defendant, was discharged, and left the court room. Thereafter judgment was entered in favor of the defendant. Immediately thereafter the foreman and another juror accosted the justice, stating that there had been a mistake; that the jury intended to decide in favor of the plaintiffs, and outside of the court room had been told that they had decided for the defendant. The judge called the counsel, and informed them of the statement made to him by the jurors. Subsequently a motion was made by the plaintiffs, upon the affidavits of four of the five jurors, for an order setting aside and vacating the judgment and ordering a new trial. These affidavits state that in the jury room the jury found a verdict for the plaintiffs, and that the foreman had inadvertently and erroneously rendered the verdict for the defendant, and that it did not represent the finding of the jury in the jury room. The court granted the motion to vacate the judgment on the ground that the verdict as rendered was not the finding of the jury in the jury room, and from this order the appeal is taken.

The defendant contends that the municipal court has no power to vacate a judgment and grant a new trial for matters arising dehors the record, and that there is no sufficient ground for disturbing the judgment actually entered. Consol. Act, § 1367, reads in part as follows:

"A motion to set aside the verdict of a jury and vacate or modify a judgment rendered in an action thereon in the said district courts, or to vacate or modify any judgment rendered upon a trial a court without a jury may be made for the causes specified in section 999 of the Code of Civil Procedure." As amended, Laws 1896, c. 748.

Appendix 7 of the Greater New York charter reads:

"The provisions of the New York City consolidation act relating to the district courts of the city of New York, which are continued in force by section 1369 of the Greater New York charter."

This is not a case where a motion is made to vacate a verdict for errors in the jury room, but a case where the verdict at which the jury arrived was by inadvertence incorrectly reported to the court. In Dalrymple v. Williams, 63 N. Y. 361, 20 Am. Rep. 544, the verdict was set aside on the ground that the foreman of the jury had by mistake announced the verdict different from that agreed to by the jury. Judge Allen said:

"If the fact alleged is properly before us, there should be no doubt either as to the right of the plaintiff to have or the power of the court to grant the relief demanded. It would be a reproach upon the administration of jus-

tice if a party could lose the benefit of a trial and a verdict in his favor by the mere mistake of the foreman of the jury in reporting to the court the result of the deliberations of himself and his fellows. The power of a court of record over its records, and to make them truthful, is undoubted, and has been exercised without question."

Burhans v. Tibbits, 7 How. Prac. 21, was decided by Judge Harris, who said:

"When mistakes occur,—and occur they will and do,—every court will feel bound, so far as practicable without injustice to any one, to correct them."

I think the order should be affirmed, with costs. All concur.

---

(64 App. Div. 367.)

### COUCH v. FARMERS' FIRE INS. CO. OF YORK, PA.

(Supreme Court, Appellate Division, Second Department. October 4. 1901.)

INSURANCE—FORFEITURE OF POLICY—VACATION OF PREMISES.
    A fire policy provided that it "unless otherwise provided by agreement indorsed hereon or added hereto, shall be void  *  *  *  if a building herein descr'bed, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied, and so remain for ten days." Plaintiff left the property, and was absent nearly five months, during which time no one occupied the house. There was no agreement indorsed on or added to the policy, and no claim that such an agreement had been made, or that the provision had been waived. *Held*, that plaintiff's absence worked a forfeiture.

Appeal from trial term, Orange county.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.