ALBANY,
Oct. 1838.

Bendernagle
v.
Cocks.

---

## BENDERNAGLE *vs.* COCKS.

A party in interest, though not a party to the record who prosecutes a suit in the name of another, is liable for costs if he fail in a recovery ; but if he succeed and the defendant sues out a writ of error and the judgment is reversed, he is not liable for the costs of the reversal.

THIS was a motion that William S. Sears *pay the cost of the reversal of a judgment* obtained by Cocks against Bendernagle in the New-York common pleas, which was removed by Bendernagle into this court by writ of error. The motion was founded upon the allegation that Sears was the *real* plaintiff in the suit in the C. P. and *prosecuted it for his own benefit*, although it was brought on a demand claimed to be due to Cocks ; and that the writ of error had been defended by him. Sears denied that he was the beneficial owner of the demand prosecuted in the C. P. and alleged that both in the C. P. and in this court, he had acted

Oct. 1838.

merely as the *attorney* of Cocks.　The evidence of the party *in interest* was conflicting.

*By the Court*, NELSON, Ch. J.　Assuming that Sears was the *owner* of the demand prosecuted in the common pleas, he *succeeded* in recovering a judgment in that court ; had he *failed*, he would have been liable in that court to the defendant's costs.　In this court, instead of *prosecuting* he *defended*, and we have repeatedly held that a party *defending* a suit in the name of another, though himself the party in interest, is not liable to the costs of the action if the defence prove unsuccessful.　We cannot regard the writ of error as such a continuation of the suit below as to place the defendant in error in the light of a party *prosecuting* his demand.　He is not a volunteer in this court, but is called here by his adversary—the same as a defendant in an ordinary suit.　There may be a necessity for bringing the writ of error in consequence of the institution of the suit below ; but so it may be said in all cases, that there is a necessity for bringing a suit against the defendant because he neglected or refused to pay the debt claimed by the plaintiff, and therefore the party in interest who defends the suit, though not a party to the record, should pay the costs of the suit.　A writ of error is not a continuation of the suit below, because it may be sued out by a new attorney without obtaining a rule for a change of attorney.　7 T. R. 337.　8 Johns. R. 287.

Motion denied.