Ruggles, C. J.
 

 Heacock conyeyed the premises in question in this suit to the defendant Kursch, who was in possession under Heacock’s deed, when this suit was commenced against him. Kursch refused, at first, to' defend the suit, but permitted Heacock to defend in his name. Heacock, accordingly, employed an attorney and counsel, and defended the suit, in Kursch’s name, but judgment was nevertheless rendered in favor of the
 
 *514
 
 plaintiffs. An execution was issued, part of the costs collected, .and the execution returned unsatisfied as to the residue. The plaintiffs moved the supreme court for aU *or(^er aS'ains’*; Heacock directing him to pay the uncollected balance of the costs; this motion was denied with costs, first, at the special, and then, on appeal, at a general term of the supreme court. The plaintiff appeals from the order denying the motion.
 

 In
 
 Jackson
 
 v.
 
 Van Antwerp
 
 (1 Wend. 295), it was decided, that a landlord defending an ejectment in the name of his tenant, may he compelled to pay the costs of the suit; hut it is said, that this decision was overruled in subsequent cases. Mr. Justice Bronson did not intend to overrule it, nor to question its correctness, by what he said in
 
 Miller
 
 v.
 
 Adsit
 
 (18 Wend. 674). He notices the case, and regards the action of ejectment as standing on peculiar grounds.
 
 Miller
 
 v.
 
 Adsit
 
 was an action of replevin; and
 
 Bendernagle
 
 v.
 
 Cocks
 
 (19 Wend. 151), which is supposed to he at variance in principle with
 
 Jackson
 
 v.
 
 Van Antwerp,
 
 was an action on contract.
 
 Ryers
 
 v.
 
 Hedges
 
 (1 Hill 646) was an action of ejectment, in which the plaintiff moved that Bogert, who was alleged to be the defendant’s landlord, should be ordered to pay the costs, on the ground that he had defended the suit, unsuccessfully, in his tenant’s name; but the relation of landlord and tenant between them was denied both by Bogert and the defendant, and their denial was fortified by other affidavits,
 
 “ too
 
 strongly,” says Mr. Justice Cowen, “to warrant us in granting this motion, upon the present state of the proofs;” he further observes, that the decision in
 
 Jackson
 
 v.
 
 Van Antwerp
 
 was contrary to the principle of
 
 Miller
 
 v.
 
 Adsit;
 
 but in this he evidently differs in opinion with Mr. Justice Bronson. In another case, decided at the same term
 
 (Livingston
 
 v.
 
 Clements,
 
 1 Hill 648), Cowen, J., says, he should doubt whether the landlord who defends a suit in the name of his tenant, can be called on by the plaintiff to
 
 *515
 
 pay costs, and repeats that he thinks the case of
 
 Jackson
 
 v.
 
 Van Antwerp
 
 is overruled, in principle, by the case of
 
 Miller
 
 v.
 
 Adsit.
 
 We are called on to decide between the opinions of these learned judges.
 

 *The case of
 
 Jackson
 
 v.
 
 Van Antwerp
 
 was decided in 1828; at that time, and long before, there was a statutory provision, requiring the defendant in ejectment, holding the land as tenant of a third person, to give immediate notice thereof to his landlord; and authorizing the landlord to appear and' to become a defendant to the suit, jointly with the tenant; or alone, if the tenant refused to appear. (1 R. L. 443.) If, after becoming a defendant, he failed in his defence, judgment and execution went against him for the costs. The intent of the statute was, to give him an opportunity of defending his title, and to charge him with the costs, if he failed. The landlord has, frequently, and indeed, most commonly, a greater interest in defending the suit, and preventing a change of possession, than his tenant; and the statute secured him against collusion between the tenant and the plaintiff. The decision in the case of
 
 Jackson
 
 v.
 
 Van Antwerp
 
 (although the reason is not stated) is well founded on the principle that the landlord ought not, by collusion with, or favor of the tenant, to obtain the benefit which the statute gave him, without subjecting himself to the burden it imposed upon him. There is no statutory provision of the like nature in relation to actions for personal property.
 
 Miller
 
 v.
 
 Adsit
 
 was a case of that kind; and if the rule in that case influenced the subsequent cases
 
 Ryers
 
 v.
 
 Hedges,
 
 and
 
 Livingston
 
 v.
 
 Clements,
 
 I think, it was misapplied; and that the case of
 
 Jackson
 
 v.
 
 Van Antwerp
 
 was rightly decided, upon the distinction between the cases to which the statute referred to applied, and those to which it did not.
 

 But the relation of landlord and tenant did not exist between Kursch, the defendant, and Heacock, who is
 
 *516
 
 sought to be made answerable for the costs, in the present 'controversy. Heacock was Kursch’s grantor, with warranty, and although the statute of 1813, before referred to, did not embrace his case, so as to entitle him to be made a defendant, I think, he is within the revision of that statute, now in force. (2 R. S. 341-2, § 17.) this sec^on> “n0 imparlance, voucher, *aid-prayer, or receipt shall be allowed; but whenever any action shall be brought against any tenant,
 
 to
 
 recover the land held by him, or the possession of such land, the landlord of such tenant, and any person
 
 having any privity of estate or interest
 
 with such tenant, or with such landlord, in the premises in question,' or in any part thereof, may be made defendant with such tenant, in case he shall appear, or may, at his election, appear without such tenant.” It is plain, not only from the words of the section, but from the reviser’s note (vol. 3, 2d ed., p. 717) that the intention was, to permit any person to come in as a party and defend the suit, who, in real actions, could have been vouched or called in for that purpose; and Iieacock, who had sold and warranted the land to Kursch, the defendant, might have been so called in. The object of this statute seems to have been, to enable the parties interested to settle the controversy in a single suit, without the delays incident to the ancient forms of proceedings in real actions. Heacock having been entitled to make himself a defendant, and having, in fact, litigated the plaintiff’s title, unsuccessfully, although in the defendant’s name, is liable, within the case of
 
 Jackson
 
 v.
 
 Van Antwerp,
 
 to pay the costs. The judgment of the supreme court upon the motion was erroneous, and must be reversed, and an order entered in favor of the plaintiff, with costs in the supreme court.
 

 Ordered accordingly.