## FINNEGAN *vs.* CARAHAR.

The principle that when a person has induced another to act upon his statements, or admissions, made for that purpose, he is concluded from asserting the truth, against such statements and admissions, has been often applied in actions relating to real property. *Per* BOCKES, J.

In an action of ejectment it appeared in evidence that the defendant, at the time the summons and complaint were served upon him, being then upon the premises, told the person serving the papers, in substance, that he lived in, or was in possession of the house, and service was made upon the faith of that statement. *Held* that the defendant was *estopped* from denying that he was in actual occupation at the commencement of the action.

THE action was ejectment, for a parcel of land situate in the county of Essex. On the trial, the title to the premises was shown to be in the plaintiff, and the defend-

Finnegan *v.* Carahar.

ant resisted a recovery solely on the ground that he was not in the actual possession at the time of the commencement of this action. It appeared, from the evidence, that the defendant claimed title to the premises, and at the commencement of the action had a tenant in possession; but service of the summons and complaint was made on him under the following circumstances: The party who was deputed to serve the papers, took them in blank as to the name of the defendant, and proceeding into the neighborhood of the premises made some inquiries, inserted the name of the defendant in the summons and complaint, and found the defendant on the land, sitting on the fence. He inquired of him if his name was Carahar; the latter replied that it was; he then asked if he lived there; the defendant said he did; he then inquired if he owned the house, the reply was "that it was supposed so." The summons and complaint were then handed him; the defendant received them, and although he refused to give an admission of service, he did not intimate his want of actual possession, or disclaim any claim of title, and he was also previously aware of the plaintiff's claim to the premises, by a notification to that effect.

The judge charged the jury, that if they believed the defendant, at the time of the service of the summons, told the plaintiff's attorney (the person who made the service) that he lived in, or was in possession of the house, and that on the faith of that statement the plaintiff's attorney served the summons on him, the defendant was estopped from denying that he was in actual occupation at the time of the commencement of the action. The court further charged the jury, that it was for them to decide whether there was sufficient evidence that the plaintiff knew the defendant to be in possession; and that if they should find that the defendant claimed, to the attorney who made the service of the summons, at the time of such service, that he was in possession, and that the service was made

Finnegan *v.* Carahar.

on the faith of that statement, and that the plaintiff did not then know that the defendant was not in possession, the plaintiff was entitled to recover, though the defendant was not in the actual possession at the time. The defendant's counsel requested the court to charge that if the defendant was not in actual occupation of the premises at the time of the commencement of the action, the plaintiff could not recover; also, that the defendant was not estopped by his admission at the time of the service of the summons, inasmuch as there was no proof that the plaintiff acted on the faith of such admissions. The court declined so to charge, and the defendant's counsel excepted, both to the charge, and to the refusal to charge as requested.

The jury found a verdict in favor of the plaintiff, and from the judgment rendered thereon, the defendant appealed to the general term.

*S. Hand,* for the appellant.

I. The action was improperly brought against the defendant, the premises for which the action was brought being " actually occupied " by another person, and not by the defendant. The court therefore erred in refusing to charge as requested by the defendant's counsel. (2 *R. S.* 304, § 4. *Schuyler* v. *Marsh,* 37 *Barb.* 350, 356. *People* v. *Ambrecht,* 11 *Abb.* 97. *Taylor* v. *Crane,* 15 *How.* 358.)

II. There was no evidence of facts creating an estoppel, to submit to the jury. The court should have directed a verdict for the defendant, and the portions of the charge excepted to were erroneous. 1. In order to create an estoppel *in pais* it must appear that one, by his words or conduct, has willfully caused another to believe in the existence of a certain state of things, and induced him to act on that belief so as to alter his previous position. (*Packard* v. *Sears,* 6 *Ad. & Ell.* 475. *Baker* v. *Union Ins. Co.,* 43 *N. Y.* 283. *Piper* v. *Gilmore,* [*Maine Sup. Court,*] 3 *Am. Law Reg., N. S.* 584. *Wilcox* v. *Howell,* 44 *Barb.*

396, 401. *Welland Canal Co.* v. *Hathaway*, 8 *Wend.* 480, 483. *Brown* v. *Bowen*, 30 *N. Y.* 519, 541. *Dezell* v. *Odell*, 3 *Hill*, 215. *Copeland* v. *Copeland*, 28 *Maine.* 525. *Morton* v. *Hodgdon*, 32 *id.*, 127.) 2. The evidence in this case entirely fails to bring it within the above principles. (*a*) The admission of the defendant, sworn to by Smith, was not intended to influence him. The defendant did not know Smith. He was not told any purpose for which the questions were asked him, and did not know the business of the inquirer. It is evident that it was the merest casual conversation, and that Carahar could not have intended to influence Smith by his answers. "Representations, or admissions, in order to constitute an estoppel, must be designed by the party making them to influence," &c. (*Welles, J.*, 44 *Barb.* 401, *and other cases cited.*) "He must at least be aware that he is giving countenance to the alteration of the condition of the other, whereby he will be injured if the representation is untrue." (*Whitman, Ch. J.*, 28 *Maine*, 525.) In *Piper* v. *Gilmore*, (*supra*,) it was proved that notes payable to A. were by him deposited with B., in pledge, to secure an indebtedness to B. C., having a claim against A., made inquiries of B. about the notes; and B., not knowing the purpose of the inquiry, replied that the notes belonged to A. *Held*, that without proof that B. intended to deceive C. the facts did not operate as an estoppel *in pais*. That to estop B. it must be proved that he willfully gave false information to C., with intent to deceive him, and to induce him to act, &c. "A party will be concluded from denying his own acts, or admissions, which were expressly designed to influence the conduct of another, and did so influence it, and when such denial will operate to the injury of the latter." (*Nelson, J.*, 8 *Wend.* 483; *and see* 30 *N. Y.* 541.) (*b*) The admission was not clearly inconsistent with the defense. Carahar might have "lived there," by boarding with, or laboring with, the tenant Mulhern, and still not

have been the "actual occupant" within the meaning of the statute, although the owner. (*Redfield* v. *Utica and Syracuse R. R. Co..* 25 *Barb.* 58.) 3. The plaintiff's attorney did not "act" on defendant's admission, that he "lived there." He had brought the summons from Elizabethtown, with the name of the defendant blank, but filled it in before he saw the defendant, although he had been told that Carahar lived " up the street on the road leading to the quarry." His object of inquiring was evidently to identify Carahar, whom he did not know, and ascertain whether he was *the* Carahar that owned the property, and whom he intended to sue. There is no pretense, on the part of the attorney, that he had any other object, or that he was induced to bring the suit by the defendant's statement that he "lived there." 4. The plaintiff himself was with his attorney, and knew all about the fact of Mulhern's possession. The charge of the court, by which the jury was permitted to speculate upon the possibility that the plaintiff may have supposed that Mulhern was there as the defendant's agent, or servant, was entirely unfounded in evidence, and erroneous.

III. This is not a case for the application of the doctrine of estoppel *in pais*. 1. The statute permits the action to be brought only against the "actual occupant." (2 *R. S.* 304, § 4.) 2. It would be monstrous that a judgment in ejectment, obtained on such grounds, should forever bar his title to the land.

IV. Upon the whole evidence, the defendant was entitled to a verdict. The judgment, so far as it affects the possession of the premises, is inoperative, not being against a person at the time entitled to possession, and should be reversed.

*R. S. Hale,* for the respondent.

I. No exception was taken by the defendant, except to the charge of the judge, and to his refusals to charge as

Finnegan *v.* Carahar.

requested. The charge was without error, and fairly submitted the case to the jury. The elements of an equitable estoppel are correctly stated. (*Brown* v. *Bowen*, 30 *N. Y.* 519, 541.) "It is not necessary to an equitable estoppel that the party should design to mislead. If his act was calculated to mislead, and has actually misled, another acting upon it in good faith, and exercising reasonable care and diligence under all the circumstances, that is enough." (*M. and T. Bank* v. *Hazard*, 30 *N. Y.* 226, 230.)

II. The evidence fully sustains the finding of the jury. The defendant was bound to know the effect of his statement to Mr. Smith, that he was in possession. He had already been advised of the plaintiff's claim by a letter from the plaintiff's attorneys. When, after his statement to Mr. Smith that he was in possession, the summons was served on him, it was his duty to have immediately corrected his mistake, if it was such. There is no proof of any knowledge in the plaintiff that the defendant was not in actual possession, or that Mulhern had occupied otherwise than as a servant of the defendant.

III. Irrespective of the question of estoppel, the possession of the defendant, was sufficient to maintain the action against him. He was served on the premises, while in actual "*pedis possessione*," and with the words of his claim of title on his lips. Such an occupancy is sufficient to make him defendant, under the statute. 2 *R. S.* 304, § 4.)

*By the Court*, BOCKES, J. The action of ejectment, being a possessory action, should be brought against the party in actual occupation, and when brought against a tenant in possession, his landlord may, on due application, be joined with him, or be substituted in his place as defendant, (2 *R. S.* 342, § 17.) Under section 118 of the Code as now amended, the landlord may be joined with his tenant as defendant in the first instance, (30 *N. Y.* 513.) So when the landlord defends in the name of his tenant

unsuccessfully, he will be held liable for the costs of the action, (5 *N. Y.* 558.) It seems, therefore, that the defendant in this case, although not in possession, would have been a proper party defendant, with his tenant in occupation, had the plaintiff seen fit so to have brought his action. But the recovery against the defendant as sole defendant, was allowed on the ground of estoppel. It was claimed that he, in effect, invited the action against himself, and having done so and induced the plaintiff to take the proceedings, that he is estopped from denying that he had the actual occupation at the time the action was commenced.

When a person has induced another to act upon his statements or admissions made for that purpose, he is concluded from asserting the truth, against such statements and admissions. This principle has been often applied in actions relating to real property. In the case of *The Presbyterian Cong. of Salem* v. *Williams,* (9 *Wend.* 147,) which was an action of ejectment, it was held that the defendant was concluded by his admissions made at the time of the commencement of the action, that there was not sufficient property on the premises, liable to distress, to countervail the arrears of rent. Mr. Justice Sutherland, delivering the opinion of the court, remarked: "I am clearly of the opinion that the defendant was estopped by that admission from contradicting the fact upon the trial." He added: "The plaintiff had a right to rely upon it, and the defendant ought not to be permitted to defeat the plaintiff's action by showing what he then said was false, and thereby reap an advantage from his own wrong and falsehood." So, in *Abeel* v. *VanGelder,* (36 *N. Y.* 513,) it was said that when one invited an action against himself he was not at liberty to claim that the action was not well brought against him. So, if a person, having a claim to real property, permits another to purchase without making known his claim, he will not be permitted afterwards to

assert his right, against such innocent purchaser. (1 *John. Ch.* 344. 3 *Paige,* 545. 27 *Barb.* 595. 53 *id.* 40. 32 *N. Y.* 105.) In *Hall* v. *White,* (3 *Car. & P.* 136,) which was an action in detinue, it was held that if one asserts that he has the property, and thereby induces the claimant to bring an action against him, he will be liable although such assertion was untrue. Best, Ch. J. remarked that " if the defendant said he had the deeds, and thereby induced the plaintiff to bring this action against him, I shall hold that they · may recover against him, although the assertion was a fraud on his part." Now, in the case at bar, if there was evidence bearing upon the question of estoppel sufficient for the consideration of the jury, there was no error in the charge of the learned judge, or in his refusal to charge as requested. The substance of his instructions was, that if the jury should find that the defendant, at the time of the commencement of the action, asserted or gave the plaintiff's agent to understand that he was in the actual occupation of the premises, and that the action was commenced against him, on the faith of such assertions, the action could be maintained notwithstanding his want of possession. Such instructions were entirely correct, as the case stood upon the proof. There was in fact a very considerable amount of evidence bearing on this point. It was made to appear that the defendant had formerly been in possession, and that the plaintiff had asserted his claim of title against him by a notification of his claim. It was fairly inferable, from the evidence, that the plaintiff sent his attorney into the neighborhood of the premises to make inquiries in regard to the enforcement of his right, by the commencement of an action if necesssary. He took with him a summons and complaint in blank as to the name of the person to be sued; proceeded to the premises, and found the defendant there on the land. In answer to questions put to him by the attorney, he said he lived · there, and, in substance, that he

owned the house. Thereupon the papers were handed him, and he received them without making any explanations, or in any way correcting the impressions fairly deducible from his statements and acts. On this state of the case it becomes a question for the jury, on the evidence, whether the defendant did not give the plaintiff's agent to understand that he was in the actual occupation of the premises, claiming to own them, and whether the action was not commenced against him on the faith of his assurances in that regard. In my judgment, the case was properly submitted to the jury; the instructions given by the court were correct, and were well authorized by the proof.

Judgment affirmed. (a)

[SARATOGA GENERAL TERM, November 11, 1869. *Bockes, Rosekrans* and *Potter,* Justices.]

(a) Above judgment affirmed by the Court of Appeals.