# WHEELING.

## JOHNSTON *v.* MANN'S EXECUTORS.

Submitted January 25, 1882—Decided November 25, 1882.

(\*SNYDER, JUDGE, Absent.)

1. As in ejectment the action prior to the act of 1877 could be brought only against the party in possession, when the premises were occupied, one, who is interested in the subject of the action

\*Cause submitted before Judge S. took his seat on the bench.

though not a party to the record, and who employs counsel and defends the action, after verdict with judgment for plaintiff, and execution for costs unsatisfied, may be required to pay the costs of plaintiff in such action. (p. 18.)

2. A landlord, who is entitled to be substituted in the place of or joined with the defendant in ejectment, and without causing himself to be made a party defends such action unsuccessfully in the name of the original defendant, will be ordered to pay the costs of the plaintiff, after execution against the defendant on the record has been returned unsatisfied. (p. 19.)

3. The appropriate mode of requiring such person to pay such costs, is by rule, requiring him to show cause why he should not be compelled to pay the same. (p. 21.)

Writ of error and *supersedeas* to a judgment of the circuit court of the county of Greenbrier, rendered on the 29th day of April, 1881, in an action in said court then pending, wherein Andrew D. Johnson was plaintiff and James and Mathew Mann, executors of William T. Mann, deceased, were defendants, allowed upon the petition of the said defendants.

Hon. Homer A. Holt, judge of the tenth judicial circuit, rendered the judgment complained of.

The facts of the case are fully stated in the opinion of the Court.

*Samuel Price* for plaintiffs in error cited Acts of 1877, ch. 110 p. 160 § 5; Code Va., ch. 135 p. 610 § 5; Code, p. 518 ch. 90 § 5.

*Adam C. Snyder* for defendant in error cited 4 Phil. Ev. (Cow. & Hill's Notes) pp. 838–9; 25 Gratt. 760; 3 Pick. 490; Tyler Eject. pp. 586–7; 10 B. & Cress. 110; *Id.* 615; *Id.* 113; 1 Wend. 295; 4 Gratt. 129; 2 Call 499; 3 U. S. Dig. "Costs;" 2 Br. & Had. Com. 212; Code Va., p. 610 ch. 135 § 5; Code, ch. 90 p. 518 § 5; 82 E. C. L. 322.

JOHNSON, PRESIDENT, announced the opinion of the Court:

In 1856 Andrew D. Johnston brought his action of ejectment in the circuit court of Greenbrier county against Lyman Griswold and Cornelius Rodgers, for the recovery of

a tract of about eighty acres of land. There was verdict and judgment for plaintiff. The case was upon writ of error taken to the Court of Appeals of this State, where the judgment was reversed, verdict set aside and case remanded for a new trial. On said new trial plaintiff again recovered. Before the second trial was had, W. T. Mann, the testator, died, and the plaintiffs in error, his sons James and Mathew Mann, qualified as his executors. In the said ejectment suit execution was issued for the costs against the defendants, and was returned "no property." Johnston filed his affidavit in which he set forth the prosecution of said eject-ment suit, and that said Griswold and Rodgers were the tenants of William T. Mann at the time said action was instituted, and perhaps at some time during the pending of said action the said Rodgers entered into an executory contract with said Mann, for the purchase of a part of the land in controversy, but if such contract was made no deed was ever made to said Rodgers by Mann for said lands; that said Mann employed counsel and actively defended said action; that at the October term, 1873, said action was tried and verdict and judgment rendered for plaintiff; that at that time said Mann, by his agent his son, was present conducting and assisting by himself and counsel in the defense of said action, &c. Affiant prayed for a rule against said executors, to show cause why they should not pay the costs of said suit. The rule issued, and Mathew Mann, one of the executors, answered, that they never asserted any interest in said suit or the subject thereof; that he had heard, that his father was a party to said suit, but on enquiry found he was not; that he believes, that said William T. Mann neither had nor claimed to have any interest in the said suit.

From the bill of exceptions it clearly appears, that William T. Mann claimed the legal title to said land, and the said Griswold and Rodgers were either his tenants or purchasers from him of the land in controversy, which they were does not clearly appear; and that William T. Mann, did employ counsel and defended said suit in the names of said defendants; that he was not a party to the suit, and that while he was so defending the suit, one hundred and sixty-three dollars and thirty-one cents costs accrued, which were

included in the judgment for costs against the defendants, an execution on which was returned "no property." For this sum, on the 29th day of April, 1881, the said circuit court of Greenbrier county gave judgment against said executors *de bonis testatoris*. To this judgment they obtained a writ of error.

Did the rule properly issue, and was the judgment against the executors to pay the costs authorized by law? In Doe dem. *Masters* v. *Gray*, 10 B. & C. 615, it appeared, that the premises sought to be recovered in ejectment were claimed by the parish-officers and inhabitants of the township of Norton, in the county of Hereford, as parish-property. The defendant, a pauper, had been put in possession of the premises by the parish-officers. Upon ejectment being brought, an order of vestry was made, that the action should be defended by and at the expense of the inhabitants of the township of Norton. The action was accordingly defended by an attorney employed and paid by them. There was a verdict, also a judgment for plaintiff. The plaintiff applied to the parish-officers for payment of the costs, which being refused, a rule was awarded against them to show cause why they should not pay the costs. Lord Tenterden, C. J., said: "In ejectment we can make the real party pay the costs. *Thrustout* v. *Shenton*, 10 B. & C. 110. Here the parish-officers put a mere pauper in possession, and the lessee of the plaintiff was bound to bring the ejectment against him. The parish-officers therefore, ought to pay the costs." In *Berkeley* v. *Dimery*, 10 B. & C. 113, the action was for breaking and entering the plaintiff's close, cutting heath, &c., and it was found that the trespass was mainly committed by one Hill, who was not a party to the suit, and after judgment, plaintiff moved for a rule against Hill, to show cause why he should not pay the damages and costs recovered in the action, and relied on *Thrustout* v. *Shenton*, *supra*. Lord Tenterden, C. J., distinguished the case from *Thrustout* v. *Shenton*, and said: "In ejectment, the tenant in possession *must* be sued, and the court will not permit a person to put a mere pauper into possession merely to evade the costs. Here Hill might have been sued, as a trespasser, either jointly or singly, and if he had been sued singly, the now defendants might have

been called as witnesses. It is said that the plaintiff did not know, that Hill was the substantial defendant. Parties should take care before and when they sue, to ascertain who is the substantial defendant. If the court were to grant this rule, the application to subject to costs persons who were not parties to the record would be frequent." The rule was refused.

In *Jackson ex dem. Martin and others* v. *Van Antwerp*, 1 Wend. 295, it was held, that in ejectment where a party in interest, though not a party, defended the suit in the name of another, who was his tenant, will be ordered to pay the costs of the suit, an execution, against the defendant having been returned unsatisfied.

It will be observed that this is an exception to the general rule, that no one can be held liable for costs in an action to which he is not a party. And this exception appears to apply only to the action of ejectment. The ground of the distinction is, that in ejectment the suit can only be brought against the party in possession, where the premises are occupied, and the courts will not permit the party really interested to put an irresponsible party in possession to evade costs. It would seem unjust, that the party most interested should be permitted to appear in court by counsel, defend the action and have the whole benefit resulting from the action; and then escape all responsibility that should result from an adverse determination of the action. In *Hutchinson* v. *Greenwood*; 82 Com. L. Report 324, the decree by two judges of three who sat in the case, went much further and held, that though the parties who carried on the defense had no interest whatever in the land, but who carried on the defense in the names of the parties in possession for a young lady a relation who claimed to own the land, yet they were on a rule, required to pay the costs. Lord Campbell C. J. said: "The principle is, that the individuals, who order an appearance to be entered in ejectment in the names of those not really defending the suit, abuse our process, and that, as they substantially are the suitors, we have jurisdiction to make them pay the costs."

We cannot affirm this decision to the extent, that any one whether interested in the subject of an ejectment suit or not, who employs counsel to defend it for a friend, thereby makes

himself liable for costs. It was also held in that case, that the Common Law Practice Act of 1852, which abolished fictious in an ejectment, did not affect the right to make under certain circumstances a person really defending liable for costs although not a party to the record. As our law was in 1856, and as it remained until 1877, when the ejectment set out in this record was brought, the plaintiff in an ejectment was bound to make the party in possession of the land at the institution of the action defendant thereto, where the land was occupied, and no one else. Sec. 5 chap. 135 p. 610 of Code of Va. 1860, is as follows: "The *person actually occupying the premises shall be named defendants in the declaration.* If they be not occupied the action must be against some person exercising acts of ownership thereon, or claiming title thereto, or some interest therein at the commencement of the suit. If a lessee be made defendant at the suit of a party claiming against the title of his landlord, *such landlord may appear and be made a defendant* with or in place of the lessee." In such case it was optional with the landlord whether he should appear or not. The plaintiff could not make him a defendant, when the premises were occupied by his tenants. So at the time said ejectment was brought, the defendants being in possession, the plaintiff was compelled to make them, and them alone, defendants to the action, and under the authorities we have cited, William T. Mann, who claimed the legal title to the land in controversy, and was therefore directly interested in the action, by employing counsel, and defending it, the defendants being insolvent, was liable for costs.

It does not clearly appear from the record, whether these parties defendant were tenants of, or purchasers of William T. Mann. If they were purchasers, the English decisions would clearly apply.

In this country it has been held, that the landlord, who is entitled to be substituted in the place of or joined with the defendant in ejectment and without causing himself to be made a party defends such suit unsuccessfully in the name of the original defendant, will be ordered to pay the costs of the plaintiff, after execution against the defendant on the record has been returned unsatisfied. Tyler on Ejectment

588; *Farmers' Loan and Trust Co.* v. *Kursch,* 5 N. Y. 558; *Jackson* v. *Van Antwerp, supra.* We think on both principle and authority the executors of William T. Mann, should have been required to pay the costs incurred in the action while their testator was defending it; and we also think, that the proper mode of enforcing it was, upon a rule to show cause why the defendants thereto should not be required to pay said costs. The judgment of the circuit court is therefore affirmed with costs and damages according to law.

JUDGES HAYMOND AND GREEN CONCURRED.

JUDGMENT AFFIRMED.