(6 Misc. Rep. 119.)

### WOLF v. BUTTNER.

(Common Pleas of New York City and County, General Term. December 4, 1893.)

1. CONTEMPT—FINE AND IMPRISONMENT—WHEN AUTHORIZED.
   An order in proceedings to punish as for a civil contempt, which specifically determines that a judgment debtor had disposed of his property in violation of an order made in proceedings supplementary to execution, and failed to appear for examination pursuant to such order, does not authorize the imposition of a fine, and infliction of imprisonment for nonpayment, where it does not appear that the property disposed of was applicable to the payment of the judgment on which the proceedings are founded, or that the examination of the judgment debtor, had before the institution of the contempt proceedings, was inadequate for the maintenance and preservation of the judgment creditor's right or remedy.

2. SAME—APPEALABLE ORDERS.
   It appeared that the order imposing such fine and imprisonment was made by the city court of New York on such debtor's default in appearance after service of notice on him, and was therefore not appealable, but that the general term of such court erroneously entertained an appeal. *Held*, that an order of the trial court denying such judgment debtor's motion to vacate the former order, and an order of the general term of such court affirming both orders of the trial court, were final orders, and an appeal by such debtor will lie from such order of affirmance to the general term of the court of common pleas.

Appeal from city court, general term.

Proceedings to punish Simon Buttner, as for a civil contempt, for disobedience of an order in proceedings supplementary to execution prosecuted on a judgment in favor of Elias Wolf and against Simon Buttner and another. From an order of the general term of the city court of New York affirming an order, made on default, adjudging such judgment debtor in contempt, and also affirming an order denying his motion to vacate the order adjudging him in contempt, Buttner appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

William N. Loew, for appellant.
Maurice B. Blumenthal, for respondent.

BISCHOFF, J. To authorize the imposition of a fine, and infliction of imprisonment in default of its payment, in proceedings to punish as for a civil contempt of court, it must be ascertained and determined that the misconduct complained of defeated, impaired, impeded, or prejudiced the right or remedy of a party to an action or special proceeding. Code Civil Proc. § 14; Cleary v. Christie, 41 Hun, 566; Fischer v. Raab, 81 N. Y. 235; Sandford v. Sandford, 40 Hun, 540. This the order of March 6, 1893, which purports to adjudge the judgment debtor and appellant guilty of mis-

conduct constituting a contempt, omitted, and because of that omission it was fatally defective. True, the order specifically determined that the judgment debtor had disposed of his property, and failed to appear for examination pursuant to an order in proceedings supplementary to execution; but it does not appear that the property disposed of was applicable towards the payment of the judgment upon which the proceedings were founded, or that the examination of the judgment debtor, had before the institution of the contempt proceedings, was inadequate for the maintenance and preservation of the judgment creditor's right or remedy. The order was a final one, since it imposed the payment of a fine, and directed the judgment debtor's imprisonment in default of payment of the fine. Code Civil Proc. §§ 2281, 2283; Clarke v. Goodridge, 44 How. Pr. 234. It was not appealable, however, because made upon the judgment debtor's default in appearance after service upon him of due notice of motion. Code Civil Proc. § 1294; Keller v. Feldman, 2 Misc. Rep. 179, 21 N. Y. Supp. 581; McMahon v. Rauhr, 47 N. Y. 67. It was error, therefore, on the part of the general term of the court below, to entertain and determine an appeal therefrom.

The order of March 27, 1893, which denied the judgment debtor's motion to vacate the order of March 6, 1893, left the last-mentioned order, unconditionally, in full force and effect, and was, therefore, equally a final order. The same is to be said of the order of the general term of the court below, in so far as it affirmed both orders of the special term. The fine imposed, and the imprisonment directed, by the order of March 6, 1893, being unauthorized, from the facts determined, the order denying the judgment debtor's motion to vacate it, and the order affirming the last-mentioned order, affected a substantial right. Hence, the judgment debtor's right of appeal from the order of affirmance to this court is indisputable. Code Civil Proc. § 3191, subd. 3. The order dated March 6, 1893, and made at special term, should be vacated and set aside, and the appeal therefrom be dismissed, and the order of affirmance made at general term of the court below should be reversed. No costs of this appeal are allowed to either party. **All concur.**