(10 Misc. Rep. 333.)

### BLAKE v. BOLTE.

(Common Pleas of New York City and County, General Term. December 3, 1894.)

1. EXEMPTIONS—SALARY OF PUBLIC OFFICER—SUPPLEMENTARY PROCEEDINGS.
   Salary of a public officer, received and in his possession, is accessible to creditors in a supplementary proceeding.
2. COMMITMENT FOR CONTEMPT—ISSUANCE OF PRECEPT.
   In such proceeding a precept of commitment may not issue without an adjudication of contempt, nor without proof that the contempt has injured the creditor in his right or remedy.

(Syllabus by the Court.)

Appeal from city court, general term.

Action by Israel O. Blake against Herman Bolte. From an order of the city court (30 N. Y. Supp. 209) affirming an order in supplementary proceedings directing defendant to pay the judgment out of his salary, and in default thereof that a precept of commitment issue, defendant appeals. Reversed in part.

Argued before DALY, C. J., and PRYOR, J.

James P. Niemann, for appellant.
Philip Carpenter, for respondent.

PRYOR, J. On the 31st March, 1894, in a supplementary proceeding in the city court, an order was served upon the appellant, citing him to attend and make discovery concerning his property, and enjoining him from making meanwhile any transfer or disposition of his property. The appellant is a justice of a district court in this city, and as such is entitled to a salary of $6,000 a year, payable in equal installments on the last day of each month. Upon his examination it was disclosed that on the 31st of March or on the 2d of April he received $500, the installment of salary for the month of March; and that he had disposed of $40 or $50. Thereupon an order issued requiring him to show cause why he should not be punished for his misconduct in so disposing of the property in violation of the injunction, and why a receiver should not be appointed of his property and effects, and why respondent should not have other and further relief. Upon cause shown an order was entered directing appellant "to pay to the sheriff the amount of the judgment against him, and in default thereof that a precept of commitment issue." From an affirmance of the order by the general term of the court below an appeal is prosecuted in this court.

So much of the order as awards a precept of commitment is clearly invalid. The order contains no adjudication that the appellant was in contempt; not even recites the fact of his contempt, nor adjudges injury to respondent's right or remedy. Code, § 2281; Fischer v. Raab, 81 N. Y. 235; Wolff v. Buttner, 6 Misc. Rep. 119, 26 N. Y. Supp. 52. Indeed, it is apparent on the papers that the respondent was not damnified by the disposition of appellant's property. The judgment was for $73.90, and of the $500 received the appellant had disposed of but $50. Moffat v. Herman, 116 N. Y. 131, 22 N. E. 287.

The question remains whether the direction in the order that the appellant pay to the sheriff the amount of the judgment, with interest, costs, and fees, be a correct adjudication. Appellant's contention is that the money, although actually received and appropriated by him, is still inaccessible to the claims of creditors, because his salary as a public officer. It is readily conceded that, were the money still in the city treasury, it would not be amenable to process in behalf of appellant's creditors. Rammey v. Gedney, 57 How. Pr. 217; Institute v. Cregan, 11 Civ. Proc. R. 87. But no court has held, and it would be a reproach to the administration of justice should a court ever hold, that, after payment of a salary to a public officer, it is still inviolable by legal process for the satisfaction of creditors. The extent to which as yet the decisions have gone is that the disbursing agents of government are not to be harassed by efforts of creditors to reach unpaid salary (cases supra), and that a salary unearned, and not yet payable, is neither assignable nor accessible by creditors. Bank v. Wilson, 122 N. Y. 478, 25 N. E. 855; Bliss v. Lawrence, 58 N. Y. 442; Billings v. O'Brien (Com. Pl.) 14 Abb. Pr. (N. S.) 238; Schwenck v. Wyckoff, 46 N. J. Eq. 500, 20 Atl. 259; Beal v. McVicker, 8 Mo. App. 202; Bangs v. Dunn, 66 Cal. 72, 4 Pac. 963. On the other hand, pension money, though in some sort a sacred fund, and shielded by a strict statutory exemption, is open to creditors when in the possession of the pensioner. Cranz v. White, 41 Am. Rep. 408, note 411. Counsel for appellant argues that the principle of policy which forbids assignment of the future salary of a public officer is equally applicable to protect salary in his pocket against the claims of creditors. But the ground on which the decisions go is that, if the officer, by assignment, has deprived himself of the hope of future salary, he has lost the incentive to a diligent discharge of his duties,—a consideration inoperative with appellant in the enjoyment of his salary.

Appellant's objection that the order is invalid because the witnesses in the proceeding were sworn by a commissioner of deeds is frivolous. Code, § 842, expressly designates that officer as competent to take the affidavit, and no other provision requires the oath to be authenticated by the judge or the referee. Section 2445. So much of the order as authorizes commitment reversed; so much of the order as directs payment to sheriff affirmed; no costs to either party.