(12 Misc. Rep. 61.)

### PEETSCH v. QUINN.

### In re CURRAN.

. (Common Pleas of New York City and County, General Term.　April 1, 1895.)

1. APPEAL—ORDER AFFECTING SUBSTANTIAL RIGHT.
   An order denying a motion that the attorney for the adverse party be directed to pay the costs is appealable, under Code Civ. Proc. § 3191, subd. 3, as affecting a substantial right, though it was made on a summary application after judgment.

2. COSTS—WHO LIABLE—PARTY IN INTEREST.
   Code Civ. Proc. § 3247, providing that a person beneficially interested, who sues in the name of another, may be charged with costs, does not apply to a person who defends in the name of another.

Appeal from city court, general term.

Action by Henry C. L. Peetsch against William H. Quinn. From an order of the city court (31 N. Y. Supp. 1131) affirming an order denying plaintiff's motion that Michael H. Curran, defendant's attorney, be directed to pay the cost of the action as the person beneficially interested therein, plaintiff appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and GIEGERICH, JJ.

Edward W. S. Johnston, for appellant.

Michael H. Curran, in pro. per.

BISCHOFF, J.　This is an appeal from an order denying the plaintiff's motion that the respondent, attorney for the defendant, be directed to pay the costs of the action, as the party beneficially interested. The trial of the cause resulted in a verdict for the plaintiff for $49.50, and, this being insufficient in amount to carry costs, the defendant obtained a judgment for $19.12, the excess of his costs, as taxed, over the amount of the verdict. Owing to the error of the trial court in refusing the allowance of interest upon the sum recovered by the plaintiff, the judgment was reversed upon appeal to this court, and the verdict corrected by the addition of interest. Peetsch v. Quinn, 7 Misc. Rep. 6, 27 N. Y. Supp. 323. It resulted that the plaintiff obtained a judgment for costs of the trial and appeals, together with the amount of the verdict and interest; in all, $474.79. Defendant, Quinn, having died before the appeal to this court was instituted, the respondent, Curran, procured his own appointment as administrator, for the purpose of responding to the appeal, and protecting the judgment for costs, and his interest therein as attorney. It was claimed in the court below, and is now contended, that he should be charged with the costs of the trial and appeals as the "party beneficially interested," under section 3247 of the Code of Civil Procedure, in view of the fact that he alone was interested in the judgment and the event of its affirmance upon appeal. There can be no doubt that the order is appealable to this court. Code Civ. Proc. § 3191, subd. 3; Giles v. Halbert, 12 N. Y. 32; Slauson v. Watkins, 95 N. Y. 369; Wolcott v. Holcomb, 31 N. Y. 126. That it was made upon

"summary application after judgment" (Giles v. Halbert, supra) does not alter its appealability as "affecting a substantial right." True, section 1337 of the Code of Civil Procedure, defining the scope of review by the court of appeals of an order made upon "summary application after judgment," does not apply to appeals from the city court to the court of common pleas (section 3192), yet the right of appeal to the court of appeals from such an order is not founded upon section 1337, but upon section 190, which provides for appeals from orders "affecting a substantial right, and not resting in discretion" (subdivision 2), and an order made "upon summary application after judgment" is particularized merely as a contemplated instance of an order "affecting a substantial right" (subdivision 3). See, also, Wolf v. Buttner, 6 Misc. Rep. 119, 26 N. Y. Supp. 52.

While we entertain the appeal, our conclusion upon the merits denies its success. The present statute, which gives a right to a successful litigant to charge a third party with the costs of the litigation, by reason of a beneficial interest in, or a transfer of the cause of action to such third party, is section 3247 of the Code of Civil Procedure, a substantial re-enactment of a corresponding provision of the Revised Statutes (2 Rev. St. p. 679, § 44; 2 Edm. St. p. 515, § 47), which provision was uniformly held to apply only to the beneficial interest of or transfer to one prosecuting the action, not to one defending a suit (Miller v. Adsit, 18 Wend. 672; Ryers v. Hedges, 1 Hill, 646), or responding to an appeal (Bendernagle v. Cocks, 19 Wend. 151); and, failing an expression of legislative intent that a person other than as specified shall be required to pay the successful party's costs, though he himself be no party to the record, it is not for the courts to establish any such requirements (Miller v. Adsit, supra). Under section 321 of the Code of Procedure it was held that one defending in the name of another could be so charged, but this was by reason of the wording of that statute, wherein there was a distinct departure from the provisions of the enactment before in force. Wolcott v. Holcomb, 31 N. Y. 126. The legislature, by rejecting the phraseology of the former Code, and embodying that of the Revised Statutes in the enactment of section 3247 of the present Code, must clearly have intended that the law, in this aspect, should be as interpreted by the earlier decisions cited above.

But appellant contends that under his prayer for general relief the court below should have charged Curran personally with the costs, as an attorney who willfully and without authority has subjected his successful opponent to the expense of the litigation. With what propriety the court below might have granted this relief, in view of the fact that the initiative in this litigation was uninterruptedly maintained by the plaintiff, it is unnecessary to determine. The particular relief asked by the moving party was properly denied, as before shown; and while the court had power, under the general prayer, to grant such relief as the party might have shown himself to be entitled to, yet its failure to grant any other relief must necessarily be taken as in the exercise of discre-

tion, the essential facts having been disputed, and is not the subject of review here. Van Slyke v. Hyatt, 46 N. Y. 364. Order affirmed, with costs. All concur.