(12 Misc. Rep. 405.)

## BLAKE v. BOLTE.

(Common Pleas of New York City and County, General Term. May 6, 1895.)

APPEALABLE ORDER—FROM CITY COURT TO COMMON PLEAS.

An order in supplementary proceedings directing the payment by a judgment debtor of the amount of the judgment to the sheriff "affects a substantial right," within Code Civ. Proc. § 3191, subd. 3, providing for appeals to the court of common pleas from the city court of New York.

On reargument. Reversed in part.

For decision on appeal, see 31 N. Y. Supp. 124. For order granting reargument, see 32 N. Y. Supp. 1139.

Argued before DALY, C. J., and PRYOR and GIEGERICH, JJ.

James P. Niemann, for appellant.

Philip Carpenter (Jonathan C. Ross, of counsel), for respondent.

GIEGERICH, J. Defendant, a judgment debtor, appealed to this court from an order of the general term of the city court of New York affirming an order made in supplementary proceedings whereby it was directed that he "pay the sheriff the amount of the judgment against him, and, in default thereof, that a precept of commitment issue." Upon that appeal we affirmed the order in so far as it directed payment to the sheriff, and reversed so much of it as authorized the commitment. Blake v. Bolte, 10 Misc. Rep. 333; 31 N. Y. Supp. 124. The record shows that the appellant appeared in the court below in active opposition to the granting of the order, and our determination proceeded upon the merits. A motion for reargument was granted, in order that a point of law not raised upon the appeal, to wit, the question whether that portion of the order which directed payment to the sheriff was appealable to this court, might be considered; the appellant contending that, if no appeal could lie from so much of the order, its total invalidity would result from our reversal of the remaining portion. Without discussing this last aspect of the situation, we are clearly of the opinion that the order was appealable in its entirety.

An appeal lies to this court from an order of the city court of New York, after actual determination by the general term, which affects a substantial right (Code Civ. Proc. § 3191, subd. 3); and such an order is appealable when made "upon summary application after judgment" (Peetsch v. Quinn [Com. Pl. N. Y., Gen. Term, April 1, 1895] 33 N. Y. Supp. 87). An order directing payment by a judgment debtor is an order "affecting a substantial right," and so has been held to be appealable to the general term of the supreme court

when made in a case originating in a justice's court.    Code Civ. Proc. § 1342; Code Proc. § 344; Crounse v. Whipple, 34 How. Pr. 333.    An appeal lies to the court of appeals from "a final order, affecting a substantial right, made  *  *  *  upon summary application in an action after judgment" (Code Civ. Proc. § 190, subd. 3; Code Proc. § 11, subd. 3); and, such being the rule, an order similar to that before us was held appealable in Locke v. Mabbett, *41 N. Y. 460, where it was said by Davis, C. J.:

"The order is absolute, and compliance can be enforced against her as for a contempt. I am clearly of the opinion, therefore, that she can be heard in opposition to the order."

The case of Wolf v. Buttner, 6 Misc. Rep. 119, 26 N. Y. Supp. 52, cited by appellant, is certainly not opposed to our conclusion.    The order in that case was held to be in its nature appealable, but the decision turned upon the fact of the defendant's default of appearance.    Such an element was not in this case.    Neither upon principle nor authority was the defendant required to disobey the absolute direction in this order, and suffer the resulting penalty, to the end that he might be heard upon appeal.    Locke v. Mabbett, supra.    By its terms, the matter was closed, and it is not to be viewed as interlocutory.    Wolf v. Buttner, supra; Whitfield v. Railroad Co. (Com. Pl. N. Y.) 10 N. Y. Supp. 106.

It results from these views that our original determination is to remain undisturbed.    The order appealed from should therefore be affirmed in part, and reversed in part, in accordance with the opinion heretofore filed, with costs of reargument and printing disbursements to respondent.    All concur.