(15 Misc. Rep. 438.)

### WOLFE et al. v. KNIGHT.

(City Court of New York, General Term. January 28, 1896.)

1. CONTEMPT—RECITALS OF ORDER—INJURY TO PARTY.

An order adjudging a party guilty of a civil contempt is fatally defective where it does not declare that it had been ascertained and uetermined that the misconduct of the guilty party defeated, impaired, impeded, or prejudiced the rights or remedies of the other party. Wolf v. Buttner (Com. Pl.) 26 N. Y. Supp. 52, followed.

2. ORDER OF DISMISSAL—COLLATERAL ATTACK.

Irregularities in the mode of dismissing a proceeding can be taken advantage of only by an application to set it aside and review the proceedings, and not by moving to punish the party as for contempt in disobeying the order made therein.

Appeal from special term.

Action by William L. Wolfe and another against George N. Knight. From an order adjudging defendant guilty of contempt, he appeals. Reversed.

Argued before FITZSIMONS and McCARTHY, JJ.

Nathan Lewis, for appellant.

Henry Merzbach, for respondents.

McCARTHY, J. The order of September 17, 1895, which purports to adjudge the judgment debtor guilty of misconduct constituting a civil contempt, omitted to declare that it had been ascertained and determined that the misconduct complained of defeated, impaired, impeded, or prejudiced the rights or remedies of the party to the proceeding; and, because of this alone, it was fatally defective (Wolf v. Buttner [Com. Pl.] 26 N. Y. Supp. 52), and must be reversed. It is not enough that property is found in the hands of the judgment debtor.

Besides, the proceedings appear to have been dismissed by an or-der of Justice Conlan, and in proper form. If there was any irregu-larity in the mode of dismissal, plaintiff could only take advantage of it by application to set it aside, and revive the proceedings. With-out such, the court had no jurisdiction, and could not punish the defendant.

Order is therefore reversed, vacated, and set aside, with costs.