PEOPLE ex rel. COWAN v. HAMIL, Sheriff.

(Supreme Court, Special Term, Monroe County. December, 1913.)

1. CONTEMPT (§ 52*)—PROCEEDINGS—ORDER TO SHOW CAUSE—NECESSITY.
   The fact that a contempt proceeding for refusal to answer questions in judicial proceedings was not instituted by an order to show cause or a warrant of attachment, as provided by Judiciary Law (Consol. Laws, c. 30), § 757, would not invalidate the order of contempt in view of section 755, providing for summary punishment when the offense was committed in the immediate presence of the court.
   [Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 140–142; Dec. Dig. § 52.*]

2. EXECUTION (§ 418*)—SUPPLEMENTARY PROCEEDINGS—CONTEMPT.
   An order adjudging relator guilty of contempt of court for refusal to answer questions asked in supplementary proceedings was fatally defective where it did not determine that the offense charged was calculated to defeat or impair the rights or remedies of a party to such proceedings.
   [Ed. Note.—For other cases, see Execution, Cent. Dig. § 1201; Dec. Dig. § 418.*]

3. EXECUTION (§ 418*)—SUPPLEMENTARY PROCEEDINGS—CONTEMPT—AMENDMENT OF ORDER.
   The defect in an order adjudging relator guilty of civil contempt for refusal to answer questions in supplementary proceedings, in failing to determine that the offense charged was calculated to defeat or impair the rights or remedies of a party in such proceeding, was jurisdictional, and hence cannot be supplied by amendment under Code Civ. Proc. §§ 721–723.
   [Ed. Note.—For other cases, see Execution, Cent. Dig. § 1201; Dec. Dig. § 418.*]

Proceeding by the People, on the relation of William A. Cowan, against Harley Hamil, as Sheriff for the County of Monroe. Order discharging relator from custody.

Charles B. Clancy, of Albany, for relator.
Smith & Hebbard, of Rochester, for respondent.

SAWYER, J. This relator is confined in the county jail of the county of Monroe by virtue of an order made by the special county judge of that county, adjudging him guilty of a civil contempt of court. This order was granted in proceedings supplementary to execution, and was based upon relator's refusal to answer certain questions propounded to him before the referee and to turn over, as directed, certain securities claimed to be under his control and applicable toward the judgment out of which the proceedings grew.

[1] The objection to the validity of the order because the contempt proceeding was not instituted by either a show cause order or a warrant of attachment, as provided in section 757 of the Judiciary Law, is untenable for the reason that section 755 of that law specifically provides for summary punishment when the offense, as was here the case, is committed in the immediate view and presence of the court.

[2] This order is, however, fatally defective in that it contains no determination that the offense charged against relator was calculated

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to, or actually did, defeat, impair, impede, or prejudice the rights or remedies of a party to the special proceeding in which it was had.   In the absence of such adjudgment, the court has no power to inflict punishment.   Judiciary Law, § 770; Wolf v. Buttner, 6, Misc. Rep. 119, 26 N. Y. Supp. 52; Wolfe v. Knight, 15 Misc. Rep. 438, 37 N. Y. Supp. 210; Co-Op. Pub. Ass'n v. Kuhn, 51 App. Div. 583, 64 N. Y. Supp. 933; Fiero on Spl. Proceedings (3d Ed.) p. 1844.

[3] Respondent's contention that the order can be amended in this respect under the permissive provisions of sections 721, 722, and 723 of the Code of Civil Procedure has been given careful attention; but, inasmuch as the defect in question goes to the jurisdiction and avoids the very foundation of relator's detention, those provisions are inapplicable.   There can be no question but that relator's detention upon such an order cannot be had, nor but that the matter can be reviewed by way of writ of habeas corpus.   In the Matter of Swenarton v. Shupe, 40 Hun, 41.

Order may be entered discharging relator from custody.